## J. P. Mackey and Minnie Grice v. State.

### No. 2045.   Decided November 20, 1912.

### Rehearing Denied December 18, 1912.

#### 1.—Adultery—Jury and Jury Law—Verdict—Waiver.

Where, upon trial of adultery of two defendants who were jointly indicted, the case was tried by only five jurors and the verdict was signed by one juror only as foreman, and the record showed that the defendants agreed to try the case before a jury of five men, there was no error; besides, in misdemeanor cases, the jury can be waived altogether.

#### 2.—Same—Verdict—Foreman—Signature.

The verdict of the jury need not be signed by the foreman or any other or others of the jury, even in a felony case.

#### 3.—Same—Evidence—Declaration of Defendant—Charge of Court.

Where defendants were tried jointly for adultery, there was no error in admitting the declarations of each of them, and the contention that such declarations were not made in the presence of each other was untenable, and the defendants not having asked a special charge on this question, there was no error.

#### 4.—Same—Circumstantial Evidence.

Where, upon trial of adultery, the State relied somewhat upon circumstantial evidence, there was no error to admit testimony tending to show that the witness saw the defendants under such circumstances as to show that they had sexual intercourse.

#### 5.—Same—Evidence—Age of Witness—Bill of Exceptions.

Where the bill of exceptions did not show that the witness who was thirteen years of age was incompetent to testify, there was no error.

#### 6.—Same—Evidence—Bill of Exceptions.

Where the bill of exceptions did not show that the testimony objected to was inadmissible, there was no error.

#### 7.—Same—Age of Defendant.

Where, upon trial of adultery of both defendants, the witness testified that the female defendant told him that she was fifteen years old, there was no error.

#### 8.—Same—Sufficiency of the Evidence.

Where, upon trial of adultery, the evidence showed that the defendants had sexual intercourse for such a period of time as to make it habitual, and that one was married and the other unmarried, the conviction was sustained.

#### 9.—Same—Evidence—Testimony Before Grand Jury.

Upon trial of adultery, there was no error in admitting the testimony of one of the defendants before the grand jury as to her transactions with co-defendant with reference to the offense charged, and the contention that such testimony is secret and cannot be disclosed is untenable. Following Wisdom v. State, 42 Texas Crim. Rep., 79, and other cases. Overruling Gutgezell v. State, 43 S. W. Rep. 1016.

Appeal from the County Court of Taylor.   Tried below before the Hon. Thomas A. Bledsoe.

Appeal from a conviction of adultery of two joint defendants; penalty, a fine of $325 against one and a fine of $100 against the other defendant.

*M. W. Shelley, Jr.*, for appellant.—On question of declarations by one defendant jointly indicted with another: Quinn v. State, 51 Texas Crim. Rep., 155; Barron v. State, 23 Texas Crim. App., 462; Morris v. State, 13 id, 65; Long v. State, 13 id, 211; Davis v. State, 9 id, 363; Allen v. State, 8 id, 67.

On question of habitual intercourse; Mabry v. State, 54 Texas Crim. Rep., 449; Green v. State, 53 id, 540; Boswell v. State, 48 id, 47; Collins v. State, 46 id, 550; Hilton v. State, 41 id, 190; Bird v. State, 27 Texas Crim. App., 635; Merritt v. State, 12 id, 203; Wallace v. State, 63 Tex. Crim. Rep., 611, 141 S. W. Rep., 95; Price v. State, 64 Tex. Crim. Rep., 448, 142 S. W. Rep., 586.

On question of testimony before grand jury: Cases cited in opinion.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellants were jointly indicted for adultery. They were tried together, jointly, and in the trial, represented by the same attorney; each was convicted, Mackey fined $325 and Grice $100. They both appealed, each entering into a recognizance separately.

The record shows that in the organization of the jury, when both sides got through with their challenges, only five jurors were left. Thereupon, both sides agreed in open court, both appellants being present, to try the case before a jury of five, which was done. No objection was made by the appellants, or either of them, or their attorney, or any other way, pending the trial. After the verdict of conviction, on motion for new trial, for the first time appellants claim that the case was tried before a jury of five men only, instead of six, and that they personally did not agree to this at the time. The verdict, as rendered, was signed by one man as foreman and not by the other four. We think the record clearly shows that each of the appellants did agree to try the case before a jury of five men; but whether they did or not, they knew all the time during the trial and until after its conclusion, that they were being tried by a jury of five men and made no objection thereto. The charge against them was a misdemeanor. Our statute provides that an appellant, in a misdemeanor case, can waive a jury altogether. This would carry with it the further right to agree to a trial by a jury composed of less than six men. (Stell v. State, 14 Texas Crim. App., 59). And it was too late for appellants to make said objection to wait till after the verdict of the jury before making any complaint. (West v. State, 54 Texas Crim. Rep., 597; Munson v. State, 34 Texas Crim. Rep., 498; C. C. P., Art. 938.) The verdict of the jury does not have to be signed by the foreman or any other or others of the jury, even in a felony case. Petty v. State, 59 Texas Crim. Rep., 586.

By several bills appellants complain that the court admitted certain admissions and statements by each of the parties when the other

was not present, and complain that the court did not charge that such testimony should be considered only against the one so making such statements or admissions, and omitted to charge that it should not be considered against the other. As the evidence on the trial of both persons was clearly admissible in the case, it was the duty of the respective appellants, if they desired it, to request written charges limiting the consideration of such evidence to the party making such statement or admission. And if such charge were refused, it was his duty to take a bill of exceptions thereto and thus preserve his point. It is only when such course is pursued that this court can consider any such question on appeal in a misdemeanor case. This clearly not having been done, does not present reversible error. This has always been the established law of this State and decided so many times that it is unnecessary to collate or cite the authorities, but see Giles v. State, 66 Tex. Crim. Rep., 651, 148 S. W. Rep., 320; Perkins v. State, 65 Tex. Crim. Rep., 311, 144 S. W. Rep., 241; Golden v. State, 66 Tex. Crim. Rep., 262, 146 S. W. Rep., 945; Luttral v. State, 64 Tex. Crim. Rep., 411, 142 S. W. Rep., 588; Mealer v. State, 66 Tex. Crim. Rep., 140, 145 S. W. Rep., 353. This applies also to appellants' complaint of the refusal of the court to give their special charge.

The State, being under the necessity of securing a conviction somewhat upon circumstantial evidence and the court having given a correct charge on that subject, did not commit any error in admitting the testimony of Tom Newman, as complained by appellant, as his testimony was admissible as a circumstance, among others, tending to show that the parties he saw were the appellants and under such circumstances as clearly showed they had sexual intercourse on that occasion. Neither did the court err in permitting the witness Horace Holt, a boy of 13 years of age, to testify, as the bill does not show that he was incompetent so to do. Neither does the bill to the objection of the testimony of the deputy sheriff show any error. Nor that of the sheriff to the fact that appellant, Minnie Grice, told him that she was 15 years old.

We have considered all of appellants' assignments and none of them show any reversible error.

The only other question raised is appellants' contention that the evidence is insufficient to justify the verdict. We have carefully read the statement of facts and in our opinion, the evidence was sufficient to authorize the jury to convict the appellants. It shows such a state of fact, extending over such a period of time sufficient to convince the jury, as it did, beyond a reasonable doubt that the sexual intercourse between the appellants was habitual. She was an unmarried girl 15 years old. Appellant, Mackey, was a married man. It is unnecessary to detail the evidence.

The judgment is affirmed.

*Affirmed.*

December 18, 1912.

ON REHEARING.

PRENDERGAST, Judge.—Appellant, in his motion for rehearing, complains that we did not consider nor pass upon his bill of exception wherein he objected to the county attorney testifying to what Minnie Grice, one of the appellants testified before the grand jury, claiming that what was testified before the grand jury was secret and could not be disclosed, and refers us only to the case of Gutgesell v. State, 43 S. W. Rep., 1016.

He is mistaken in claiming that we did not consider nor pass on this question. We stated in the opinion: "We have considered all of appellant's assignments and none of them show any reversible error." The Gutgesell case, referred to and relied upon by appellant, has been so many times expressly overruled and conceded to be by so many decisions, we thought it altogether unnecessary to say any thing specially about his bill. The question has been so thoroughly considered and the authorities collated in several cases, and decided against appellant, we deem it unnecessary to again discuss the question. Wisdom v. State, 42 Texas Crim. Rep., 579; Grimsinger v. State, 44 Texas Crim. Rep.; Wooley v. State, 64 S. W. Rep., 1054; Pierce v. State, 54 Texas Crim. Rep., 424; Giles v. State, 43 Texas Crim. Rep., 561; Smith v. State, 48 Texas Crim. Rep., 509.

The motion for rehearing is overruled.

*Overruled.*