**Ex Parte Chris HERNANDEZ.**

**No. 200–94.**

Court of Criminal Appeals of Texas,
En Banc.

Sept. 13, 1995.

David C. Guaderrama, El Paso, for appellant.

Bruce W. Weathers, El Paso, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S MOTIONS*
*FOR REHEARING*

McCORMICK, Presiding Judge.

We granted the State Prosecuting Attorney's and the District Attorney's motions for rehearing in order to reexamine our holding that if a juror has become disqualified in a felony trial it is error for the trial court to grant a mistrial over a defendant's objection as opposed to proceeding with eleven jurors. We withdraw our original opinion and affirm the decision of the habeas court and the Court of Appeals.

Appellant was indicted for aggravated robbery. On February 17, 1993, a jury of twelve was empaneled and sworn, and the trial commenced. The State presented its evidence and rested. After the first defense witness

testified, juror Ponce requested to speak to the trial judge outside of the presence of the other jurors. Ponce then informed the trial judge that he wished to be disqualified as a juror as he knew appellant's father from grade school and high school.[1] When questioned whether he would be biased one way or the other, juror Ponce answered, "[o]ne way or not, not for guilty, but either way, I don't want to be put in that position."

Appellant's counsel advised the trial judge that the defense had no objection to excusing Ponce from the jury and proceeding with eleven jurors, or in alternative, to allow juror Ponce to remain on the jury. After a recess, the State formally moved for a mistrial, refusing to proceed without the mandatory twelve jurors required under Article 36.29(a), V.A.C.C.P.[2] The trial judge determined that juror Ponce had become biased, and therefore, must be excused from the jury. He also determined that juror Ponce was not disabled under Article 36.29(a), V.A.C.C.P. Finding manifest necessity existed because of juror Ponce's bias and the resulting jury composed only of eleven members, the trial judge declared a mistrial.

Before he could be retried, appellant filed an application for habeas corpus seeking to bar further prosecution, claiming retrial would violate the constitutional prohibition against double jeopardy. Article V, United States Constitution. The habeas judge denied relief, and the Court of Appeals affirmed. Hernandez v. State, No. 8–93–100–CR (Tex.App.—El Paso December 1, 1993). We granted appellant's petition for discretionary review and reversed the decision of the Court of Appeals, holding that it was error to refuse to give appellant the opportunity to proceed with eleven jurors in that this was a significantly less drastic alternative to granting a mistrial over appellant's objection.

■ Article 36.29(a) commands that a felony verdict may not be returned by fewer than twelve jurors unless one of the jurors "may die or be disabled from sitting at any time before the charge of the court is read to the jury[.]". Article 36.29(a), supra. It is also well established that a bias or prejudice in favor of or against the defendant is not a disability within the meaning of Article 36.29(a). Carrillo v. State, 597 S.W.2d 769, 771 (Tex.Cr.App.1980). As well, Texas Constitution Article V, Section 13 states in part that, "Grand and petit juries in the District Courts shall be composed of twelve men; ...." This constitutional requirement has been held to be non-waivable even with the consent of the State and the defendant. Jones v. State, 52 Tex.Crim. 303, 106 S.W. 345, 347 (1907) (opinion on rehearing). Accordingly, the trial judge could not allow appellant's felony trial to proceed with only eleven jurors.

■ There can be a new trial after a mistrial has been declared without the defendant's consent if there is a "manifest necessity" for the mistrial or the ends of public justice would otherwise be defeated. Sewell v. State, 696 S.W.2d 559, 560 (Tex.Cr.App. 1985). In determining whether a trial judge exercises sound discretion in declaring a mistrial this Court has held that the trial judge must consider less drastic alternatives and give adequate consideration to the defendant's double jeopardy right before declaring a mistrial. Torres v. State, 614 S.W.2d 436, 442 (Tex.Cr.App.1981).

Juror Ponce became biased after the trial commenced, and it was within the sound discretion of the trial judge to excuse him from the jury. Manifest necessity existed for the trial judge to declare a mistrial in that it was not an alternative for the trial court to continue the appellant's felony trial without the mandatory twelve jurors required under Article 36.29(a), V.A.C.C.P. Accordingly, appellant's retrial is not jeopardy barred. Sewell, 696 S.W.2d at 560.

---

**1.** Juror Ponce had run into the appellant's father in the hall during a recess and had engaged in a conversation with him which revealed that appellant's son was on trial in the case on which Ponce was sitting as a juror.

**2.** The applicable portion of Article 36.29(a), V.A.C.C.P., commands, "Not less than twelve jurors can render and return a verdict in a felony case."

Accordingly, we withdraw our original opinion and affirm the decision of the habeas court and the Court of Appeals.

CLINTON, J., dissents in that there is no manifest necessity to excuse a juror and then declare a mistrial simply because "either way" the juror did not "want to be put in that position."

MEYERS, Judge, concurring opinion on state's motion for rehearing of appellant's petition for discretionary review.

Appellant is the defendant in an aggravated robbery prosecution. Midway through trial of the case, one of the jurors realized that appellant's father is a close friend of his. He informed the trial judge that he could no longer be fair and asked to be excused from further jury service. The State then moved for a mistrial, claiming that the juror could not render an impartial verdict. The appellant objected, announcing that he would be content to proceed in spite of the juror's bias or, in the alternative, with only eleven jurors.

The law provides that a felony verdict may not be returned by fewer than twelve jurors unless one of the jurors "may die or be disabled from sitting at any time before the charge of the court is read to the jury[.]" Tex.Code Crim.Proc. art. 36.29(a). Our precedents establish that a bias or prejudice in favor of or against the defendant is not a disability within the meaning of this statute. *Carrillo v. State*, 597 S.W.2d 769 (Tex.Crim. App.1980). Accordingly, the trial judge was not authorized by article 36.29 to resume trial of this case with only eleven jurors sitting. Evidently believing that he should not continue with a biased juror either, the judge decided to declare a mistrial and begin again with a new panel. Appellant initiated the instant habeas corpus proceeding in the district court to contest this decision.

Appellant insists that any further prosecution of the case will violate double jeopardy prohibitions of the United States Constitution. Both the district court and the El Paso Court of Appeals disagree. We granted discretionary review to examine the latter's rationale for this conclusion.

The Court of Appeals reasoned that the biased juror was not disabled, and that the trial judge did not therefore excuse him from further service under authority of article 36.29. Instead, the Court of Appeals explained, the trial judge evidently believed that the juror could not render an impartial verdict, that declaring a mistrial was manifestly necessary on account of the juror's bias, and that no reasonable alternatives were available. *Hernandez v. State*, 08–93–00100–CR (Tex.App.—El Paso 12/1/93).

Today, we give our approval to this assessment, concluding that "[m]anifest necessity existed for the trial judge to declare a mistrial in that it was not an alternative for the trial court to continue the appellant's felony trial without the mandatory twelve jurors required under Article 36.29(a), V.A.C.C.P." Op. at 932. Although I am willing to join the Court's opinion, this conclusory declaration is a bit too perfunctory for my taste. In particular, it fails to address germane precedent upon which appellant relies and which, in some respects, supports his position. Accordingly, I write separately to put a little flesh on the bare bones of our lead opinion.

The main authority for appellant's view that less drastic alternatives than the declaration of a mistrial were available in this case is *Carrillo*. That case presented a similar factual scenario in which the trial judge and the parties took positions opposite to those of the parties in this case. Thus, when the juror in *Carrillo* decided that she could no longer be fair, the trial judge overruled appellant's demand for a mistrial and proceeded over appellant's objection with only eleven jurors. Holding that personal bias does not count as a disability under article 36.29, a three-judge panel of this Court then proceeded gratuitously to · hold, without citation of any authority, that

the trial court before discharging the juror should have advised the appellant he would continue the trial without discharging the juror unless the appellant either agreed to

continue the trial with eleven jurors or asked for a mistrial. The court should then, depending on the appellant's election, have granted a mistrial or continued with eleven jurors. If the appellant refused to make an election the court should not have discharged the juror, but continued the trial without discharging the juror. The trial court erred in failing to give the appellant an opportunity to choose between continuing with eleven jurors or seeking a mistrial.

*Carrillo,* 597 S.W.2d at 771.

In my opinion, this is just nonsense. Apart from the fact that these observations were entirely unnecessary to disposition of the issue presented on appeal and were evidently cut from whole cloth on the spot, they are also plainly contrary to the express language of the statute. Our law absolutely and unambiguously requires that no less than twelve jurors subscribe to all felony verdicts unless, before the case is submitted for jury consideration, one of them dies or becomes disabled. This is plainly not a right of the defendant which he can waive or forfeit at his option. *See Marin v. State,* 851 S.W.2d 275 (Tex.Crim.App.1993). I would, therefore, disapprove the language of *Carrillo* to the extent it suggests that a criminal defendant has an option under article 36.29 to proceed to verdict with eleven jurors when the twelfth is not dead or disabled. Although our lead opinion in this case amounts to such a disapproval by necessary implication, it would have been better for the trial bench and bar alike had the Court expressed its holding more candidly.

With this peculiar problem of Texas law resolved against appellant's position, the remainder of his contentions can be dispatched in short order. Because the trial judge could not proceed with only eleven jurors, discharging the biased juror was not an alternative to declaring a mistrial. Accordingly, the propriety of a successive prosecution in this case turns upon whether participation of the biased juror was sufficient for the conclusion that an impartial verdict could not be reached. If it was, then declaration of a mistrial was manifestly necessary under controlling United States Supreme Court precedent. *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

Appellant argues that juror bias does not make a mistrial manifestly necessary. But his argument is founded exclusively upon the proposition that bias does not qualify as a disability under article 36.29. It does not follow from this circumstance of Texas statutory law that juror bias is irrelevant to the question of manifest necessity under the United States Constitution. On the contrary, the Supreme Court has made it clear that a likelihood jurors will be prejudiced against the State, even if arising from an ordinarily curable circumstance such as improper opening argument, may present such a compelling reason for the declaration of a mistrial that successive prosecution is not jeopardy barred. *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717. Surely the actual bias of an individual juror presents an equally compelling case.

Appellant also maintains that the juror here in question was not proven to be biased with enough certainty that the declaration of a mistrial became manifestly necessary. He contends that it was not proper for the Court of Appeals to rely upon cases in which prospective jurors were excluded from jury service on account of their prejudices, since the trial judge has more discretion to exclude a juror than to declare a mistrial. But this argument once again misses the point. The cases relied upon by the Court of Appeals only illustrate some of the circumstances under which Texas law properly regards jurors as being biased. Because a bias in favor of the defendant is undoubtedly a circumstance which may justify aborting a trial without jeopardy consequences under the United States Constitution, it seems entirely appropriate to consult jury selection cases on the broad general issue of what constitutes such a bias. Doing so is not tantamount to the application of a less rigorous reviewing standard than the law requires.

When we say that exclusion for cause of a veniremember is subject to appellate review

only for an abuse of discretion, we do not mean to suggest that the trial judge has discretion to remove qualified venire-members from jury service. Instead, we mean to emphasize only that the judge is a factfinder in such cases, and that his findings are entitled to the same deference as those of other institutional factfinders. In short, we are resolved to uphold his findings unless there is insufficient evidence to support them. A different standard of review is not called for when reviewing a trial judge's decision to declare a mistrial. So long as the basis for mistrial is legally allowable, the evidence upon which the trial judge relies for his conclusion that the basis exists is reviewable on appeal in the same way as are other findings of fact. Whether the declaration of a mistrial was manifestly necessary in the instant cause is, therefore, a question of fact, not a standard of review.* It follows that reviewing the sufficiency of evidence to prove manifest necessity according to the so-called abuse of discretion standard does not impugn the manifest necessity standard for determining whether retrial is jeopardy barred.

Thus, the El Paso Court of Appeals did not err in any of the respects claimed by appellant on discretionary review. It did not err to hold that juror bias may present a manifest necessity for the declaration of a mistrial over the objection of an accused. It did not err to hold that proceeding to verdict with only eleven jurors is not an available alternative under Texas law when the twelfth juror is neither dead nor disabled. And finally, it did not err to hold that factfindings about juror bias should be reviewed on appeal only for an abuse of discretion, as in other cases of evidentiary review. Accordingly, I join the opinion of the Court.

MALONEY, J., joins.

OVERSTREET, Judge, dissenting opinion on state's motion for rehearing.

We granted review in this case to determine whether the trial judge abused his discretion in granting a mistrial based on manifest necessity; however, this issue cannot be addressed until an underlying issue in the case is examined and fully resolved. The underlying issue is whether there existed manifest necessity. In order to answer this question it must be determined whether the juror was disqualified and properly removed from the jury panel. The resolution of this question is pertinent to the issue at hand and thus must be addressed.

The record does not support a finding of juror bias or prejudice which would have warranted the disqualification and removal of the juror. In reviewing the record, it appears that the Court asked the juror questions which regarded the effect that the discovery of knowing the applicant's father had upon him. The juror's answer to the questions expressed such mixed feelings that it is impossible to ascertain with any certainty how he really felt, except he no longer wanted to be a juror. It is a juror's duty to sit throughout the entire trial and maintain his objectivity until all the evidence has been presented by both sides. It is a duty inherent with our citizenship and should not be abandoned without sufficient cause. Since the duty requires that a juror remain fair and impartial until the presentation of all the evidence and testimony, any personal feelings of sympathy, bias, or prejudice are to be put aside. It is only when such a bias or prejudice is found to inhibit one's ability to maintain his objectivity throughout the trial that it should become an issue as to his qualification to serve as a juror. If such a bias or prejudice is discovered which prohibits him from being fair and impartial, it is within the trial judge's sound discretion to remove the juror if the judge is convinced that the juror's abilities to perform his duties is impaired. *United States v. Spiegel,* 604 F.2d 961 (5th Cir.1979); *United States v. Rodriguez,* 573 F.2d 330 (5th Cir.1978).

The record reflects as follows:

---

* We have not been asked, nor would it be appropriate for us, to review the factual conclusion of the lower appellate court that the juror in question was actually biased. Consistent with our policy to confine discretionary review to questions of law, we prudently express no opinion on this question. *See Arcila v. State,* 834 S.W.2d 357 (Tex.Crim.App.1992).

THE COURT: Was there something you want to talk to us about?

THE JUROR: Yes, sir. I want to disqualify myself as a juror. I know the boy's father from high school and grade school. I didn't know it until lunch time when I was walking out. I ran into him.

THE COURT: Does that affect you?

THE JUROR: Sure does. I don't want to feel guilty either way. Either way, as I see it, I will feel guilty.

THE COURT: Do you have any questions you want to ask him?

THE STATE: Did you talk to him about the case?

THE JUROR: No. We were talking about it, he asked me what I was doing, I asked him what he was doing here and he says his boy was in court and he said which one, that is what I asked him and he said the one you're in.

THE STATE: So, you did talk?

THE JUROR: Yes. That's it, but—

THE STATE: And you feel you will be biased one way or another?

THE JUROR: One way or not, not for guilty, but either way, I don't want to be put into that position.

THE STATE: Pass the witness.

THE DEFENSE: I have no questions, Your Honor. (R.Vol. III, p. 323–324)

Defense counsel did not question the juror at that time, but stated that he would not object to excusing the juror and proceeding with eleven jurors. The State objected to proceeding with eleven jurors. As a result of the State's objection to excusing the juror by agreement and continuing with eleven jurors, it became the burden of the State to prove that the juror should be disqualified from serving. The record, however, does not provide evidence that the State met its burden of proof. Instead the record only shows that the juror knew the defendant's father and did not want to be in "that position." It does not show unequivocally that the juror was biased in favor of or against the defendant. So the next question is what should have been done?

Art. 36.29 of the Texas Code of Criminal Procedure allows for continuation of a trial with eleven jurors if a juror becomes sick or is disabled. The trial court correctly determined that the juror was not disabled under the article and that it did not apply. Since the legislature has not addressed the removal of a juror after the trial has began for anything other than disability, the determination of whether a bias or prejudice existed which would have prohibited the juror from being fair and impartial should have been handled more like a voir dire examination as stipulated under Article 35.16(a)(9) V.A.C.C.P. Article 35.16(a)(9) speaks to the disqualification of juror for bias or prejudice under challenges for cause. If a bias or prejudice is found during a voir dire examination, questions usually follow as to the extent of the bias. Then a determination is made as to whether the juror is capable of putting aside the bias and deciding the case on the evidence admitted and the Court's instruction.

By analogy, something similar to this procedure should have been implored in this case. The extent of any bias or prejudice should have been fully examined to determine if it would hinder the juror from being fair and impartial to the defendant. This simply was not the case in this trial. It was not determined that he had a bias in favor of or against the defendant. It was not determined if such a bias existed that it could or could not be put aside in light of all the evidence and testimony from both sides. Nor was it determined that such a bias, if it existed, prohibited him from being fair and impartial.

It is this type of questioning which should have been followed before the Court proceeded to disqualify the juror. Upon careful review of the case, it appears that manifest necessity was created by the trial judge based on a premature determination that the juror was biased. Manifest necessity cannot

be created by the court to the detriment of the defendant. The record shows that the trial judge did not thoroughly consider all available options and was somewhat hasty in finding the existence of manifest necessity and declaring a mistrial. Thus, it can be concluded that the trial court erred in finding that the juror was disqualified because the record indicates that neither the Court nor the State developed the basis for his disqualification. As a result the juror was not properly removed from the jury panel and there was no manifest necessity which warranted a mistrial.

Since the trial court erred in disqualifying the juror, it flows logically that the court erred in its' declaration of a mistrial based on manifest necessity. The power to declare a mistrial "ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165. In this case there existed no heightened necessity to declare a mistrial because there were twelve *qualified* jurors on the panel since the juror had not been proven to be disqualified. As a result, the Court could have still proceeded with the initial twelve. This would have been one possible alternative and according to *Torres v. State*, the exercise of sound discretion normally requires the court to consider less drastic alternatives to a mistrial and to give adequate consideration to the defendant's double jeopardy right before declaring a mistrial. *Torres v. State*, 614 S.W.2d 436, 442 (Tex.Crim.App.1981). In this case the court could have proceeded with the initial panel. Thus, there was a viable option available to the Court which was not adequately considered.

The issue of double jeopardy need not even be addressed since jeopardy attached when the jury was impaneled and sworn. *Torres,* supra. An exception to this rule does exist when the defendant consents to a retrial or a mistrial is mandated by some form of manifest necessity. *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). It is apparent from the record that the de-

fendant did not consent to be retried and even stipulated that he would prefer to continue with the initial panel or eleven jurors before consenting to a mistrial. Since it has been concluded that the heightened degree of necessity did not exist in the instant case, this exception to the manifest necessity rule does not apply. Thus, the appellant is barred from a retrial under the double jeopardy prohibition of the U.S. Constitution.

Because the majority refuses to so hold, I dissent.

BAIRD, J., joins.