Michael Lynn HATCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–93–00928–CR.

Court of Appeals of Texas, Dallas.

April 30, 1996.

Bruce Anton, Dallas, TX, for appellant.

Laura Greer Urbach, Assistant District Attorney, Dallas, TX, for State.

Before MALONEY, CHAPMAN, and JAMES, JJ.

## OPINION

CHAPMAN, Justice.

Appellant appeals his jury conviction for unlawful delivery of a controlled substance. The trial court assessed punishment, enhanced by two prior felony convictions, at twenty years' confinement. In his sole point of error, appellant contends his conviction is invalid because the verdict was returned by less than twelve jurors. We reverse and remand.

After appellant's trial began, but before the charge was read to the jury, the trial court learned that one of the jurors was not a United States citizen. The State and appellant agreed the juror should be disqualified and to proceed with eleven jurors. Pursuant to that agreement, the trial court dismissed the juror and the trial proceeded. The eleven-member jury found appellant guilty, and this appeal followed.

In his sole point of error, appellant contends the jury had no power to render a verdict because it was composed of less than twelve jurors. The State responds that appellant expressly waived the right to a jury composed of twelve jurors.

Article 36.29(a) of the Texas Code of Criminal Procedure provides:

Not less than twelve jurors can render and return verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b) of this section, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it

shall be signed by every member of the jury concurring in it.

TEX.CODE CRIM.PROC.ANN. art. 36.29(a) (Vernon Supp.1996). For purposes of article 36.29(a) the term "disabled" is limited to "physical, mental, or emotional" conditions that inhibit a juror from fully and fairly performing the functions of a juror. *Carrillo v. State,* 597 S.W.2d 769, 771 (Tex.Crim.App. 1980).

■ Here, the juror was dismissed because she was not a United States citizen. *See* TEX.CODE CRIM.PROC.ANN. art. 35.16(a)(1) (Vernon 1989). The juror was not disabled within the meaning of article 36.29(a). *See Strickland v. State,* 741 S.W.2d 551, 552–53 (Tex.App.—Dallas 1987, no pet.) (juror who moves out of county, although disqualified, is not "disabled"). Thus, under article 36.29(a), not less than twelve jurors could render a verdict. Having made this determination does not, however, end our inquiry. We must further determine whether appellant waived the express mandate of article 36.29(a) by agreeing in open court to proceed with eleven jurors. *See generally Marin v. State,* 851 S.W.2d 275, 278–80 (Tex.Crim.App. 1993).

The recent court of criminal appeals opinion in *Ex parte Hernandez,* 906 S.W.2d 931 (Tex.Crim.App.1995), is controlling. In *Hernandez,* the defendant was indicted for aggravated robbery. A twelve-person jury was sworn and empaneled. After testimony began, the trial court learned that one of the jurors was biased. The defendant had no objection to excusing the juror and proceeding with eleven jurors or alternatively to allowing the juror to remain on the jury. The trial court did not, however, give the defendant that option. Instead, it granted the State's motion for a mistrial. The defendant filed a writ of habeas corpus asserting that double jeopardy barred further prosecution. In its first opinion, the court of criminal appeals agreed. It held that the trial court should have given the defendant the option of proceeding with eleven jurors. Be-

cause this less drastic alternative existed, there was no manifest necessity for the mistrial. On rehearing, however, the court changed its holding. The court stated:

> Article 36.29(a) commands that a felony verdict may not be returned by fewer than twelve jurors unless one of the jurors "may die or be disabled from sitting at any time before the charge of the court is read to the jury[.]". Article 36.29(a), supra.... As well, Texas Constitution Article V, Section 13 states in part that "Grand and petit juries in the District Courts shall be composed of twelve men; ..." This constitutional requirement has been held to be non-waivable even with the consent of the State and the defendant. *Jones v. State,* 52 Tex.Crim. 303, 106 S.W. 345, 347 (1907) (opinion on rehearing). Accordingly, the trial judge could not allow appellant's felony trial to proceed with only eleven jurors.

*Hernandez,* 906 S.W.2d at 932. Because the trial court could not continue with less than twelve jurors, it had no alternative but to declare a mistrial. *See id.* at 932–33. Thus, the court concluded, double jeopardy did not bar further prosecution. *Id.*

The *Hernandez* court relied on *Jones v. State,* 52 Tex.Crim. 303, 106 S.W. 345 (1907). In *Jones,* the court of criminal appeals held that a felony defendant could not agree to be tried by eleven jurors. The *Jones* court relied partially on the law existing at that time which prohibited a felony defendant from waiving a jury trial. This, of course, is no longer the law of this State. *See* TEX. CODE CRIM.PROC.ANN. art. 1.13(a) (Vernon Supp.1996). Now a defendant may waive the right to a jury trial if the State consents. We recognize that in *Hernandez,* unlike the case before us, the State did not consent as required by article 1.13. The *Hernandez* court did not, however, limit its holding to cases where the State withholds consent.[1]

We are required to follow *Hernandez.* Here, a jury composed of eleven jurors rendered the verdict in appellant's case. Under article 36.29(a), except in cases of death or

---

1. We note that in *Mackey v. State,* 68 Tex.Crim. 539, 151 S.W. 802, 803 (1912), the court of criminal appeals held that the right to waive a jury altogether in a misdemeanor case carried

with it the right to agree to a jury composed of less than six jurors. We fail to see why this same logic does not apply to felony defendants now that they too can waive a jury trial.

disability, a verdict must be rendered by a jury composed of twelve jurors. Although appellant and the State agreed to proceed with eleven jurors, according to *Hernandez,* any such agreement is ineffectual. Accordingly, we sustain appellant's sole point of error. We reverse the trial court's judgment and remand this case for further proceedings.