**Latonya Denise HARRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–00180–CR.**

Court of Appeals of Texas,
Houston, (14th Dist.).

Dec. 30, 1996.

Rehearing Overruled Feb. 27, 1997.

R. Scott Shearer, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before FOWLER, EDELMAN, and O'NEILL, JJ.

### OPINION ON REMAND

O'NEILL, Justice.

This cause is before us on remand from the Court of Criminal Appeals. A jury of eleven convicted appellant of murder, and the court assessed punishment at thirty years confinement in the Texas Department of Criminal Justice, Institutional Division. On appeal, this court held that the appellant's affirmative statement on the record in open court that she agreed to go forward with eleven jurors was sufficient to waive error. *Harrell v. State*, 923 S.W.2d 104, 111 (Tex. App.—Houston [14th Dist.] 1996). The Court of Criminal Appeals granted appellant's petition for discretionary review, vacated the judgment of this court, and remanded the case for further consideration in light of *Ex parte Hernandez*, 906 S.W.2d 931 (Tex.Crim.App.1995)(opinion on rehearing). We reverse and remand for a new trial.

### Discussion

In her third point of error, appellant contends the judgment against her was void because the jury consisted of only eleven jurors. The record reflects that appellant consented to proceed with only eleven jurors after a ten day delay in the middle of the trial.

THE COURT: Mr. Jackson, this is by your agreement; is that correct?

MR. JACKSON: That's correct.

THE COURT: *And, Ms. Harrell, this is with your agreement; is that correct?*

THE DEFENDANT: *Yes sir.*

MS. TIRNEY: Can we have on the record which juror is not here?

THE COURT: It is juror No. 7 ... It has been agreed by the parties that we will proceed with eleven jurors.

(Emphasis added).

 Article V, § 13 of the Texas Constitution mandates a petit jury of twelve jurors in district courts. Article 36.29(a) of the Texas Code of Criminal Procedure provides that "[n]ot less than twelve jurors can render a verdict in a felony case." TEX.CODE CRIM. PROC.ANN. art. 36.29(a)(Vernon 1981). Eleven jurors shall have the power to render the verdict only when a juror dies or becomes disabled from sitting at any time before the charge of the court is read to the jury. *Id.* For purposes of article 36.29(a), the term "disabled" is limited to "physical, mental, or emotional" conditions that inhibit a juror from fully and fairly performing the functions of a juror. *Hatch v. State*, 923 S.W.2d 98, 99 (Tex.App.—Dallas 1996, pet. filed April 30, 1996) (citing *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex.Crim.App.1980)). In the present case, the record does not indicate why the juror was released. "There is no presumption from a silent record that the juror was properly excused." *Bates v. State*, 843 S.W.2d 101, 103 (Tex.App.—Texarkana 1992, no pet.). Therefore, the article 36.29(a) exception is not applicable to this case.

■ The State argued that appellant and her counsel expressly agreed to the absence of the twelfth juror, thereby waiving any error. However, in *Ex Parte Hernandez* the Court of Criminal Appeals held that the constitutional requirement of twelve jurors is not waivable even with the consent of the defendant. 906 S.W.2d at 932 (citing *Jones v. State*, 52 Tex.Crim. 303, 106 S.W. 345, 347 (1907) (opinion on rehearing)).[1] Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings.

---

1. In *Jones*, the Court of Criminal Appeals held that a felony defendant could not agree to be tried by eleven jurors, relying partially on the law existing at that time which prohibited a felony defendant from waiving a jury trial. *See Hatch v. State*, 923 S.W.2d 98, 99 (Tex.App.—Dallas 1996, pet. filed, April 30, 1996). Since that time the law has been changed to allow a defendant to waive the right to a jury trial if the State consents. *Id.;* TEX.CODE CRIM.PROC.ANN. art. 1.13(a)(Vernon Supp.1996). In *Mackey v. State*, 68 Tex.Crim. 539, 151 S.W. 802, 803 (1912), the Court of Criminal Appeals held that the right to waive a jury altogether in a misdemeanor case carried with it the right to agree to a jury composed of less than six jurors. *Id.* Like the Dallas Court of Appeals, "[w]e fail to see why this same logic does not apply to felony defendants now that they too can waive a jury trial." *Id.*