**Faustino Javier VALDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–01102–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 28, 1997.

Rosemary Garza, Houston, for appellant.

Carol Cameron, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

YATES, Justice.

In this appeal, we must decide whether the trial court's determination that an empaneled juror "has a problem with the English language" was sufficient to dismiss the juror as "disabled from sitting" within the meaning of article 36.29 of the Texas Code of Criminal Procedure and the Texas Constitution. Because we conclude the determination was not sufficient, we reverse the judgment of the trial court.

Appellant was charged with murder. After the jurors were selected and sworn but before opening arguments were made, it apparently came to the court's attention that one of the jurors had difficulty understanding English. The following exchange occurred outside the presence of the jury:

> [The Court]: He has a problem with the English language. So, you can proceed with eleven. I don't know where in the world I will find somebody who speaks Chinese.
>
> [Defense]: It's probably like you said, it's a silly question to ask if they don't understand you.
>
> [The Court]: That's not solving my question.
>
> [Prosecutor]: I'll agree to proceed with eleven.

[The Court]: Can you agree to proceed with eleven? You cannot?

[Defense]: Judge we would like to have twelve jurors.

[The Court]: I'm going to have to declare a mistrial, you realize, and I'm going to come down like a ton of bricks on you. Bring the jury.

[Defense]: Judge, we will take the eleven.

[Prosecutor]: We will take the eleven.

[The Court]: I'll get another venireman. Find out if it's all right with your client.

Leave the badge. You can be excused. Go on home. You are excused.

With your permission, I'm going to go back and explain to the other jurors that I have let him go because he doesn't speak English.

[Defense]: Your Honor, Mr. Valdez said that would be all right.

This portion of the record constitutes the entire record relating to the dismissal of this juror. We do not know, nor does the record reveal, how the trial court learned of the juror's difficulty with English. The State explains, in a footnote, that the dismissed juror was Kien Hue Huynh, juror number twenty-two, but the record does not confirm that information.[1]

The case was tried, and the remaining eleven jurors found appellant guilty. The trial court assessed punishment at fifty years confinement in the Texas Department of Criminal Justice, Institutional Division. This appeal followed.

■ Appellant brings two related points of error. In the first point of error, he contends he did not waive his right to trial by a jury composed of twelve jurors. In the second point of error, he contends he was convicted by an eleven person jury in violation of article 36.29(a) of the Texas Code of Criminal Procedure because the twelfth juror was not "disabled from sitting."

The Texas Constitution states:

Grand and petit juries in the District Courts shall be composed of twelve men;.... When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict;....

TEX. CONST. art. V, § 13. Article 36.29 of the Code of Criminal Procedure is very similar. It states:

Except as provided in Subsection (b) of this section, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict;....

TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp.1997).

In a decision rendered after the trial of this case, the Court of Criminal Appeals held that the constitutional requirement of twelve jurors cannot be waived, even by consent. *Ex parte Hernandez*, 906 S.W.2d 931, 932 (Tex.Crim.App.1995) (plurality opinion) ("This constitutional requirement [of twelve jurors] has been held to be non-waivable even with the consent of the State and the defendant."). Thus, the trial court could not allow appellant's felony trial to continue with only eleven jurors unless the juror was disabled from sitting. *Id.* Opinions from this court also follow *Ex parte Hernandez*. *See Harrell v. State*, 938 S.W.2d 162, 163 (Tex. App.—Houston [14th Dist.] 1996, pet. filed); *Roberts v. State*, 933 S.W.2d 271, 272–73 (Tex.App.—Houston [14th Dist.] 1996, pet. granted).

In a supplemental brief, the State argues the defendant can agree with the State to waive the requirement of a twelve person jury. *See* TEX. GOV'T CODE ANN. § 62.201 (Vernon 1988). The State also attempts to distinguish *Ex parte Hernandez* by noting in that case, the court proceeded with eleven jurors over the State's objection. *Ex parte Hernandez*, 906 S.W.2d at 932. Finally, the State argues that *Ex parte Hernandez* was wrongly decided.

We need not address whether the twelve person requirement applies to situations

---

1. The record does reflect that Huynh was able to fill out the jury questionnaire form in English. During voir dire, the State specifically asked a number of the potential jurors whether they believed the State

where the parties consent to proceed with less than twelve jurors. We do not reach this issue because we do not believe the appellant consented to proceed with eleven jurors. Appellant requested twelve jurors, and he changed his position only after the trial court stated it would "come down like a ton of bricks" on him. This cannot amount to a voluntary waiver of the requirement of a twelve person jury.[2] *See Robles v. State,* 577 S.W.2d 699, 703 (Tex.Crim.App.1979) (defining waiver as 'an intentional relinquishment or abandonment of a known right or privilege' and finding that a waiver will not be 'lightly inferred' and courts will indulge every reasonable presumption against the waiver of fundamental constitutional rights) (citing *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).

■ We now address whether the juror was disabled from sitting within the meaning of article 36.29. Appellant relies on the definition of the phrase "disabled from sitting," which has been defined as limited only to those situations involving "physical illness, mental condition, or emotional state which hinders one's ability to perform one's duties as a juror." *Landrum v. State,* 788 S.W.2d 577, 579 (Tex.Crim.App.1990); *Carrillo v. State,* 597 S.W.2d 769, 770 (Tex.Crim.App. [Panel Op.] 1980); *see also McDaniel v. Yarbrough,* 898 S.W.2d 251, 253 (Tex.1995) (finding juror was not "disabled from sitting" because she was not mentally incompetent or sick or some other physical or mental incapacity). The State relies on the term "disabled," which has been defined as any condition inhibiting the juror from "fully and fairly performing the functions of a juror." *Griffin v. State,* 486 S.W.2d 948, 951 (Tex.Crim.App. 1972). The Court of Criminal Appeals recently restated both definitions without resolving the conflicts between the definitions. *Ramos v. State,* 934 S.W.2d 358, 369 (Tex. Crim.App.1996), *cert denied,* — U.S. —, 117 S.Ct. 1556, 137 L.Ed.2d 704 (1997). *Ramos* characterized the *Landrum* definition as the "traditional" definition, while noting

"[w]e have also defined" disabled in *Griffin. Id.* Whether we follow the traditional definition of "disabled from sitting," or the broader definition set forth in *Griffin,* we cannot say that the juror's situation involved a "physical illness, mental condition, or emotional state that would hinder or inhibit the juror from performing his or her duties as a juror," or that the juror was suffering from a condition that inhibited him from "fully and fairly performing the functions of a juror."

There is no presumption from a silent record that the juror was properly excused. *Harrell,* 938 S.W.2d at 163 (quoting *Bates v. State,* 843 S.W.2d 101, 103 (Tex.App.—Texarkana 1992, no writ)). Although the record in this case is not silent, it is not sufficiently developed for us to decide whether the trial court correctly determined that the juror's difficulty in understanding English amounted to a situation involving a physical illness, mental condition, or emotional state that would hinder or inhibit the juror from performing his or her duties as a juror. Likewise, there is nothing in the record to indicate that the juror could not fully and fairly perform the functions of a juror. Had the trial court questioned the juror on the record, we might have been able to make a proper determination. *Cf. Hodge v. State,* 896 S.W.2d 340, 342–43 (Tex.App.—Amarillo 1995, pet. ref'd) (trial court's questioning of the juror showed juror was not subject to disqualification under literacy requirements). With the record before us, we cannot. We do not even know whether the trial court dismissed this juror on the basis that this juror was disabled from sitting. Accordingly, we sustain appellant's first and second points of error, reverse the judgment of the trial court, and remand the case for a new trial. *See Ex Parte Hernandez,* 906 S.W.2d at 932 (retrial is not double jeopardy barred).

The judgment of the trial court is reversed and remanded for further proceedings.

---

2. The State argues that when appellant's counsel stated, "Your Honor, Mr. Valdez said that would be all right," he indicated that it would be "all right" to proceed to trial with eleven jurors. An examination of that comment, in light of the

entire exchange as provided above, does not support this conclusion. It is more likely appellant was indicating it was "all right" for the trial judge to explain to the other jurors why the juror was being dismissed.