Opinion to: SJR TGT TJ EVK ERA GCH LCH JB JS












Opinion issued December 20, 2010.

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00932-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



COURTNEY JAY SCALES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1145246

 

 



MEMORANDUM OPINION

Accused of aggravated robbery,
Courtney Jay Scales was found guilty by a jury and sentenced to 20 years
confinement.[1] 
In two points of error, appellant asserts that the trial court abused
its discretion when it dismissed a juror during deliberations, and that he
received ineffective assistance of counsel. 
We reverse and remand for a new trial.

Facts

During a brief recess at
guilt/innocence deliberations, the judge received a note from the jury foreman which
read: “We have one juror who refuses to deliberate [in] this case any further
nor take the facts, testimony, of this case into account.  I request she be removed from the jury.”  Outside the presence of the jury, the foreman
was sworn and questioned by the judge regarding the “one juror.”

After the jury foreman left the
courtroom, defense counsel requested that the judge take the juror, later
determined to be Regina Collins, on voir dire to make his own first-person
inquiry as to the foreman’s claim.  The
judge refused to do so, but then summoned the jury foreman back for additional
questioning.

Following this second exchange with
the jury foreman, and with no first-person examination of juror Collins
herself, the judge dismissed Collins and seated an alternate juror.  After seating the alternate juror, the judge
summoned Collins and had some sort of discussion with her, the substance of
which is unknown because the court made no record of it.  Once Collins departed from the courtroom, the
judge dictated a statement on the record that
noted his dismissal of juror Collins was “because she was unable to
deliberate.”          

Within thirty-minutes of seating the
alternate juror, the jury returned a guilty verdict for appellant.  No motion for new trial was filed.

Improper
Dismissal of a Juror

Appellant’s first point of error contends that the trial
court abused its discretion in dismissing Collins and replacing her with an
alternate juror because Collins had participated in deliberations and reached a
decision contrary to her fellow jurors.

Under Texas Code of Criminal Procedure article 33.011,
a trial court may seat an alternate juror to “replace jurors who, prior to the
time the jury renders a verdict on guilt or innocence of the defendant and, if
applicable, the amount of punishment, become or are found to be unable or
disqualified to perform their duties.”  Tex. Code
Crim. Proc. Ann. art.
33.011(b) (Vernon Supp. 2010).  A trial
court, however, may not dismiss a juror under this provision without a finding—supported
by the evidence—that the juror was either unable to serve or disqualified from
serving.  See id.; see also Beaumont
Bank, N.A. v. Buller,
806 S.W.2d 223, 226 (Tex. 1991) (trial court abuses its discretion if it rules
without supporting evidence).  There is no presumption from a
silent record that a juror was properly dismissed.  See Valdez v. State, 952
S.W.2d 622, 624 (Tex. App.—Houston [14th Dist.] 1997, writ ref’d).  

As it comes to us, the record contains both a fairly labored
two-part voir dire by the judge of the jury foreman and, subsequent to an
unrecorded conversation with the dismissed juror, a statement by the judge
documenting his action to dismiss juror Collins and seat an alternate
juror.  The record demonstrates that
the evidence before the trial court was not sufficiently developed for the
trial court to have been able to determine that Collins was either unable or
disqualified from serving on the jury. 
The only testimony presented to the trial court was that of the jury
foreman—the person requesting Collins’ removal. 
Although she was present at the courthouse and available to testify,
Collins—the person in the best position to explain her conduct to the court—was
never questioned prior to her dismissal. 
Had the trial court questioned Collins on the record prior to her
dismissal, as appellant’s counsel suggested, the judge likely would have been
able to gather a sufficient amount of evidence which would have enabled him to
determine whether Collins was actually unable to serve or disqualified from
serving under the statute.  Cf. Hodge v. State, 896 S.W.2d 340, 342–43
(Tex. App.—Amarillo 1995, pet. ref’d) (trial court’s questioning of juror who
was concerned about his mastery of English language showed juror was not
subject to disqualification under literacy requirements).  Under these circumstances, we cannot say that the trial court
was within its discretion to remove Collins based upon such an insufficient
record.

Furthermore,
although the evidence in the record is insufficient to establish whether
Collins was subject to dismissal under the statute, the foreman’s testimony was
sufficient to demonstrate that there was—at the very least—a reasonable
possibility that his request to remove Collins was due to Collins’ view of the
merits of the case.  The foreman admitted that Collins,
who had “taken the facts and law in to account and made up her mind,” was
impeding the deliberative process by refusing to “talk about her side of the case” and refusing to
take the testimony relied upon by the other jurors into consideration.  Thus, at a minimum, the foreman’s testimony
suggests that Collins’ alleged refusal to deliberate could have stemmed from her
view of the sufficiency of the evidence.  

Under these circumstances, we cannot
say that the trial court was within its discretion to remove Collins based upon
such an insufficient record, particularly in light of the foreman’s testimony which suggested that
Collins may have been targeted for removal due, at least in part, to her views
of the evidence.  Cf. United States v. Edwards, 303 F.3d 606, 631 (5th Cir. 2002) (stating
that “a court may not dismiss a juror based upon its conclusion that
the juror is failing to
participate in the deliberative process in accordance with law unless there is
no possibility that the juror’s
problem stems from his view of the sufficiency
of the evidence”) (citing United States v. Symington, 195 F.3d
1080 (9th Cir. 1999); United States v.
Thomas, 116 F.3d 606 (2nd Cir. 1997); United States v. Brown, 823
F.2d 591, 596 (D.C. Cir. 1987)).    

Having
determined that the court abused its discretion in dismissing Collins and
replacing her with an alternate juror, we must now consider whether the error
requires reversal of this trial.  See Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim.
App. 1997) (holding that all errors, except certain federal constitutional
errors labeled as “structural” by United States Supreme
Court, are subject to harm analysis).  Although errors arising from the application of statutory
schemes are usually considered nonconstitutional
error, see Sneed v. State,
209 S.W.3d 782, 788 (Tex. App.—Texarkana 2006, pet. ref’d), when the error
implicates a constitutional right, the error is more appropriately
characterized as constitutional and therefore, subject to analysis under Texas
Rule of Appellate Procedure 44.2(a).  See Hernandez v. State, 60 S.W.3d 106,
108 (Tex. Crim. App. 2001) (reviewing error in application of Texas Code of
Criminal Procedure article 38.23 for constitutional error); cf. Phillips v. State, 193 S.W.3d 904,
913–14 (Tex. Crim. App. 2006) (holding that election errors should be analyzed
under harm standard applicable to constitutional errors, at least insofar as
error implicates notice and jury unanimity). 
Although the error in the
present case arises from the application of article 33.011, the error is
nonetheless constitutional in nature because it implicates a criminal
defendant’s constitutional right to a unanimous verdict in felony cases.  See
Tex. Const. art. V, § 13; see also Ngo v. State, 175 S.W.3d 738, 745
(Tex. Crim. App. 2005) (stating Texas Constitution requires jury unanimity in
felony cases).  Thus, we must reverse
unless we determine beyond a reasonable doubt that the error did not contribute
to the conviction.  Tex. R. App. P. 44.2(a); McQuarters
v. State, 58 S.W.3d 250, 258 (Tex. App.—Fort Worth 2001, pet. ref’d).  Given the fact that the evidence in the
record indicates that there is a reasonable possibility that the jury foreman’s
request to remove Collins stemmed from Collins’ view of the sufficiency
of the evidence, we simply cannot determine—much less beyond a
reasonable doubt—that Collins’ erroneous removal did not contribute to
appellant’s conviction.

Accordingly, we sustain appellant’s
first point of error.  Having done so, we
need not address appellant’s second point of error.

CONCLUSION

We reverse the judgment of the trial court, and
remand the case for a new trial.  

 

                                                          Jim
Sharp

                                                          Justice

 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]           Tex. Penal Code Ann. § 29.03(a)(2), (b)
(Vernon 2003).