

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00073-CR

**JAIME RODRIGUEZ, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 11-00633-CRF-272

## MEMORANDUM OPINION

Jaime Rodriguez, Jr. appeals from a conviction for evading arrest in a motor vehicle with a deadly weapon finding for which he was sentenced to ten years in prison, a $10,000 fine, and ordered to pay restitution of $11,170. TEX. PEN. CODE ANN. §§ 38.04, 12.35(c) (West 2011). Rodriguez complains that the trial court abused its discretion by dismissing a juror and ordering him to pay restitution for unrelated offenses. Because we find that the trial court did not abuse its discretion by dismissing

the juror but that the restitution was improperly assessed, we modify the judgment to delete the restitution order and otherwise affirm the judgment of the trial court.

*Dismissal of Juror*

In his first issue, Rodriguez complains that the trial court abused its discretion by dismissing a juror due to a "disability." On the second day of the evidentiary portion of the jury trial, a juror informed a bailiff that a co-worker had confronted him the previous day and informed the juror that the co-worker thought he knew Rodriguez. The trial court brought the juror into the courtroom twice for questioning regarding the incident. The juror stated that the conversation took between 40 seconds to one minute. The juror had known the co-worker for approximately four to five years and was not afraid of the co-worker. The co-worker had a reputation for playing games and joking around. The juror was unsure if the co-worker was serious, but stated that the co-worker spoke to him in a "serious threatening voice" and told him that he thought he knew Rodriguez because he was supposed to be in the same court at the same time as the juror.

The first time he was questioned, the juror indicated that he was "kind of scared" that he might be harmed in some way by someone "behind" the co-worker. The second time he was questioned the juror indicated that he was fearful that people might come to his house and harm his family if he found Rodriguez guilty.

After the juror returned to the jury room, the attorneys and trial court discussed the juror's demeanor. The record reflects that the juror spoke in a very low voice and

placed himself where his back was to Rodriguez and Rodriguez could not see or hear what he was saying. His voice was quivering and the State's attorneys felt that he looked very shaken up.

The trial court found that the juror was disabled and not able to perform his duties as a juror and dismissed him. The trial court stated that it made the decision based on the juror's testimony and demeanor that showed that the juror was "highly concerned for the safety of his family" and was "emotionally distraught as a result of this communication" and that the juror would be "forced to violate his conscience and not render a proper verdict because he's concerned about future ramifications that if he finds the Defendant guilty there would be reprisal against his family."

Rodriguez complains that his right to a jury comprised of twelve members as required by the Code of Criminal Procedure was violated because the juror was not "disabled" as contemplated by article 36.29(a). *See* TEX. CODE CRIM. PROC. ANN. art. 36.29 (West Supp. 2012).

If "a juror dies or, as determined by the judge, becomes disabled from sitting" during a felony trial before the charge has been read to the jury, then the trial may proceed to verdict without that juror. TEX. CODE CRIM. PROC. ANN. art. 36.29(a). A juror is considered "disabled" if he has a "physical illness, mental condition, or emotional state" which hinders his ability to perform his duties as a juror. *Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002) (*quoting Landrum v. State*, 788 S.W.2d 577, 579 (Tex. Crim. App. 1990)). A juror may also be considered "disabled" if he has "any condition

that inhibits [him] from fully and fairly performing the functions of a juror." *Routier v. State*, 112 S.W.3d 554, 588 (Tex. Crim. App. 2003) (*quoting Reyes v. State*, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000)).

We review a trial court's determination that a juror is disabled under an abuse-of-discretion standard. *Id*. A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). In other words, an abuse of discretion occurs only if we can say with confidence that no reasonable perception of the matter under consideration could have yielded the decision made by the trial court. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

It is well established that a bias or prejudice in favor of or against the defendant does not constitute a disability within the meaning of article 36.29(a). *Ex parte Hernandez*, 906 S.W.2d 931, 932 (Tex. Crim. App. 1995), *overruled on other grounds by Hatch v. State*, 958 S.W.2d 813 (Tex. Crim. App. 1997); *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex. Crim. App. 1980). However, we cannot conclude from the record that the trial court abused its discretion in finding that the pressure and fear the juror was experiencing were more than mere bias or prejudice from a fear of retaliation. A bias or prejudice that puts the juror in an emotional state such that it prevents the juror from fully and fairly performing the duties of a juror may render the juror disabled. *See Reyes v. State*, 30 S.W.3d 409, 412 (Tex. Crim. App. 2000). The trial court did not abuse its discretion by dismissing the juror. We overrule issue one.

*Restitution*

Rodriguez complains in his second issue that the trial court abused its discretion in ordering him to pay restitution to various victims of thefts that were presented to the trial court at sentencing as extraneous offenses but for which Rodriguez was not convicted. The State agrees that the restitution was improperly imposed. Restitution is intended to compensate the victim of an offense in the course of punishing the criminal offender. *See Campbell v. State*, 5 S.W.3d 693, 696-97 (Tex. Crim. App. 1999). The restitution awarded was for offenses entirely unrelated to the evading arrest offense of which he was convicted. We agree that the trial court abused its discretion. We sustain issue two.

*Conclusion*

The trial court did not abuse its discretion by dismissing a juror. However, the inclusion of the restitution in the judgment was an abuse of discretion. Therefore, we modify the judgment of the trial court to delete the $11,170.00 restitution award, and affirm the judgment as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Modified, and Affirmed as Modified
Opinion delivered and filed March 7, 2013
Do not publish
[CR25]