NO. 07-06-0153-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 7, 2008
_____

TUWI STARKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-05-904188; HONORABLE BOB PERKINS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Tuwi Starks, appeals his conviction for the offenses of aggravated assault and aggravated kidnaping and sentences of 14 years confinement in the Institutional Division of the Texas Department of Criminal Justice for each offense. We affirm.

Background

Appellant and Charse Kiara had been involved in a relationship that ended when Kiara filed a criminal complaint against appellant alleging that appellant had assaulted her.

On the basis of this complaint, appellant was charged with a dating violence offense. Kiara was scheduled to testify against appellant at the hearing of this charge. On July 1, 2005, five days before the hearing, appellant stopped Kiara as she was backing out of her garage and entered her vehicle. Appellant produced a gun and demanded that Kiara write a letter to the prosecutor retracting her assault complaints. Presumably due to Kiara's refusal to write the letter, appellant stated his intent to kill Kiara. Following this statement, a struggle ensued and one or two shots were fired. Kiara was able to escape the confrontation unharmed.

Appellant was subsequently apprehended and was charged with attempted capital murder, aggravated assault with a deadly weapon, and aggravated kidnaping with a deadly weapon. The case proceeded to trial where a jury was selected and the State presented its case in chief. When the State rested, the trial was recessed until the next day. On the morning of the second day of the trial, the trial court discharged one of the jurors stating that the juror had become ill. Appellant did not object to the discharge of the juror and the remaining jurors were informed that the trial would proceed with 11 jurors, but that the remaining jurors would each have to sign their verdict. Following the close of trial, the remaining 11 jurors deadlocked on the attempted capital murder charge, but unanimously found appellant guilty of the aggravated assault and aggravated kidnaping charges and affirmatively found the deadly weapon allegation true. The jury then sentenced appellant to 14 years incarceration for each of the offenses for which he was found guilty. The attempted capital murder charge was subsequently severed from the case and dismissed.

2

On appeal, appellant contends that the trial court abused its discretion in discharging a juror as disabled under Texas Code of Criminal Procedure article 36.29(a) in an unrecorded proceeding.  The State contends that appellant failed to preserve this issue for appellate review and, alternatively, the trial court did not abuse its discretion in discharging the juror.

Law and Analysis

The Texas Constitution requires a jury in a felony criminal trial to be composed of 12 members.  TEX. CONST. art. V, § 13.  However, the Texas Constitution and article 36.29(a) of the Texas Code of Criminal Procedure provide that, if a juror dies or becomes disabled from sitting, the remaining jury has the power to render a verdict.  Id.; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon 2006).  A juror is disabled if the juror is physically, mentally, or emotionally impaired in a manner that hinders the juror from fully and fairly performing the functions of a juror.  See Valdez v. State, 952 S.W.2d 622, 624 (Tex.App.–Houston [14th Dist.] 1997, writ ref'd).  The determination of whether a juror is disabled is left to the sound discretion of the trial court.  Id.

Appellant admits that he did not object to the discharge of the juror nor to the trial court's proceeding to a verdict reached by eleven persons.  Thus, we must first determine whether appellant has preserved any potential error for our review.  As a general rule, a specific objection must be made as soon as possible for error to be preserved for appellate review.  See TEX. R. APP. P. 33.1.  A primary purpose for requiring a specific and contemporaneous objection is to advise the trial court of impending error and afford the

3

court an opportunity to avoid the error or take corrective action to cure the error.  See Young v. State, 137 S.W.3d 65, 70 (Tex.Crim.App. 2004).  However, a contemporaneous objection is not required for an unforeseeable occurrence.  Id.  Similarly, neither an objection nor a motion for instruction to disregard is required when the error is incapable of cure by such an instruction.  See id.  Thus, a claim of trial court error may be raised for the first time on appeal only to the limited extent that the error was neither preventable by timely objection nor curable by timely motion for instruction to disregard.  See id.

We agree with appellant's contention that any error in discharging the juror would not have been prevented by a timely objection since the record reflects that appellant did not become aware of the juror's discharge until after the fact.  Appellant further contends that the discharge was incurable.  However, appellant's contention that the trial court could not have cured any error is premised on the assumption that the prior discharge of the juror meant that the juror was no longer available for questioning and that the trial court had no additional information that could have been put into the record that would have justified the discharge.  Therefore, the record does not establish that any error committed by the trial court in discharging the juror was incurable and, therefore, we hold that appellant was required to object to the discharge to preserve the issue for appellate review.  Since appellant failed to raise this objection, we conclude that this issue is not properly before us.

Appellant does not identify any authority for his proposition that he was not required to object to the discharge of the juror in order to raise the point on appeal.  Based on our review of the applicable case law, our sister courts impliedly require a timely objection in

4

order to challenge a juror discharge on appeal.  See generally Reyes v. State, 30 S.W.3d 409, 410 (Tex.Crim.App. 2000); Gilmore v. State, No. 11-96-00383-CR, 2005 Tex.App. LEXIS 5220, at *7 (Tex.App.–Eastland July 7, 2005, no pet.) (unpublished op.); Brown v. State, No. 12-01-00117-CR, 2002 Tex.App. LEXIS 4365, at *25-*27 (Tex.App.–Tyler June 18, 2002, no pet.) (unpublished op.).  In addition, those courts that have addressed preservation in the context of juror discharge, though in dicta, have expressly indicated that specific objection as soon as possible is required to preserve the issue for appellate review.  See Lawrence v. State, No. 14-05-00543-CR, 2006 Tex.App. LEXIS 9344, at *4 (Tex.App.–Houston [14th Dist.] October 26, 2006, pet. ref'd) (unpublished op.) (appellate issue did not comport with objection raised at trial, so appellate issue waived); Webber v. State, Nos. 05-03-00482-CR, 05-03-00483-CR, 05-03-01001-CR, 2004 Tex.App. LEXIS 5002, at *5 (Tex.App.–Dallas June 4, 2004, pet. ref'd) (unpublished op.) (because appellant did not object to trial court's discharge of juror at trial, appellant cannot complain of discharge on appeal); Chavez v. State, No. 2-01-345-CR, 2003 Tex.App. LEXIS 759, at *3-*4 (Tex.App.–Fort Worth January 16, 2003, pet. ref'd) (unpublished op.) (because grounds for objection were apparent from context, appellant's issue was preserved for appellate review).  Thus, we hold that appellant waived objection to discharge of the juror

5

in the present case by failing to specifically object on the record[1] at the time the trial court announced the juror's discharge.

Conclusion

As appellant failed to preserve any error in the trial court's discharge of the juror, there is nothing presented for our review and we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Publish.

---

[1] Appellant contends that the lack of objection on the record should not support a conclusion that appellant did not object off of the record. However, both cases cited by appellant in support of this proposition relate to rights of a defendant that must be expressly waived on the record. See Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) (waiver of trial by entry of guilty plea); Hooper v. State, 557 S.W.2d 122, 122 (Tex.Crim.App. 1977) (waiver of right to counsel). We have found no authority that requires a defendant to expressly waive his right to trial by 12 jurors prior to the reading of the charge to the jury. See TEX. CODE CRIM. PROC. ANN. art. 36.29(c) (Vernon 2006). In fact, a trial court does not need a defendant's consent or approval to discharge a disabled juror under article 36.29(a) of the Texas Code of Criminal Procedure. Webber, 2004 Tex.App. LEXIS 5002, at *5.