NO. 07-08-0055-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 13, 2008
_____

CESAR ANGEL DURAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16917-B; HON. JOHN B. BOARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Cesar Angel Duran was convicted on four counts of indecency with a child and two counts of aggravated sexual assault. He seeks reversal by contending that the trial court erred in 1) failing to instruct the jury that "it was improper for the Prosecutor to, in closing argument at the guilt/innocence phase, characterize the Defendant's non-testimonial demeanor during the trial in a way that would lead to an inference of guilt," and 2) failing

to sustain his objection to the State's reference to his silence during closing argument in the punishment phase. We affirm the judgment.

*Issue 1 - Comment on Demeanor*

With regard to the failure to properly instruct the jury regarding consideration of appellant's non-testimonial demeanor, the record illustrates that appellant objected to the argument, which objection the trial court sustained. Then, when appellant asked "for an instruction," the one given by the court tended to contradict its decision to sustain the objection. Yet, appellant did not object to the instruction. Consequently, his complaint was waived. *See Cockrell v. State,* 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that a litigant must object to preserve the alleged error for review). At the very least, an objection not only would have given the trial court opportunity to address the inconsistency but it also would have helped clarify or explain what it actually intended. Thus, the issue is waived.

*Issue 2 - Improper Jury Argument*

Appellant next argues that the trial court erred in "allowing" the State to refer to appellant's silence during its closing. While appellant objected to the utterance, he did not do so until the State had finished its argument. Yet, an objection must be asserted contemporaneously with or as soon as possible after the wrong occurs; if it is not, then the complaint is waived. *Starks v. State,* 252 S.W.3d 704, 706 (Tex. App.–Amarillo 2008, no pet.); *accord*, *Cunningham v. State*, 848 S.W.2d 898, 905 (Tex. App.–Corpus Christi 1993, pet. ref'd) (stating that an objection made after the argument is untimely). Because appellant waited until the end of the State's argument to voice his objection, he waived the purported error. The issue is overruled.

Accordingly, the judgment of the trial court is affirmed.


.                                        Per Curiam


Do not publish.