NO. 07-08-0279-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 12, 2009
______________________________

TEXAS MUTUAL INSURANCE COMPANY,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

V.

GOETZ INSURORS, INC. AND
GOETZ INSURORS, INC., AS ASSIGNEE
OF THE CLAIMS OF CATTLECO, INC.,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
______________________________

FROM THE 64th DISTRICT COURT OF SWISHER COUNTY;

NO. A-10810-05-11; HON. ROBERT W. KINKAID, JR., PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Appellant Texas Mutual Insurance Company appeals from the final judgment of the
trial court. On August 11, 2008, the clerkâs record was filed. The reporterâs record was due
on October 15, 2008. No extension motion or reporterâs record was filed. On October 22,
2008, this court directed the court reporter by letter âto advise the Court of the status of the
reporterâs record on or before November 3, 2008." In response, the Court received a
motion for extension of time to file the record, which was granted to November 14, 2008. 
No extension motion or record was filed by that date. On December 1, 2008, the Court
again notified the reporter that the record had not been filed and the reporter was asked
to provide the status of the record by December 10, 2008. On December 10, 2008, the
reporter filed her second extension motion requesting until January 12, 2009, to file the
record, which was granted. On January 5, 2009, this Court received the court reporterâs
third extension request asking for an additional thirty days to file the record.
Â Â Â Â Â Â Â Â Â Â Accordingly, we abate this appeal and remand the cause to the 64th District Court
of Swisher County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine:
when the reporterâs record can reasonably be transcribed into
written form and filed in a manner that does not further delay
the prosecution of this appeal or have the practical effect of
depriving the appellant of their right to appeal.
Â 

Â Â Â Â Â Â Â Â Â Â The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerkâs record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporterâs record transcribing the evidence and arguments presented at the
aforementioned hearing, if any. Additionally, the district court shall then file the
supplemental clerkâs and reporterâs records transcribing the hearing with the clerk of this
court on or before February 11, 2009. Should further time be needed by the trial court to
perform these tasks, then same must be requested before February 11, 2009.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 
Do not publish.



2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-08-0497-CR,
07-08-0498-CR

Â 

IN THE COURT OF
APPEALS

Â 

FOR THE SEVENTH
DISTRICT OF TEXAS

Â 

AT AMARILLO

Â 

PANEL C

Â 

FEBRUARY 9, 2010

Â 

__________________________

Â 

PEDRO CERVANTEZ,
APPELLANT

Â 

V.

Â 

THE STATE OF TEXAS,
APPELLEE

___________________________

Â 

FROM THE 222ND
DISTRICT COURT OF DEAF SMITH COUNTY;

Â 

NOS. CR-88J-120, CR-88J-121; HONORABLE H. BRYAN POFF, JR.

_____________________________

Â 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Â 

On
March 7, 1989, appellant, Pedro Cervantez, pleaded no
contest to two counts of aggravated assault with a deadly weapon.[1]  As a result of a plea bargain, appellant was
placed on community supervision probation for a period of 10 years on each
case.Â  Subsequently, in 1993, appellantÂs
probation was modified.Â  Thereafter, on
October 24, 1994, the State filed an application to revoke appellantÂs
probation.Â  However, appellant was not
arrested on the capias issued in each case until
August 8, 2008.Â  On November 26, 2008,
the trial court found that the allegations contained in each of the respectiveÂ  applications
to revoke probation were true.Â 
AppellantÂs probation was revoked and he was sentenced to two years
confinement in the Institutional Division of the Texas Department of Criminal
Justice (ID-TDCJ).Â  Appellant appeals the
judgment of the trial court contending that the trial courtÂs action in
revoking his probation was unconstitutional.Â 
Disagreeing with appellant, we affirm.

Factual
and Procedural Background 

Â 

Â Â Â Â Â Â Â Â Â Â Â  After appellant was placed on
community supervision probation in 1989, his probation was modified in
1993.Â  The modification was a result of a
motion to revoke appellantÂs probation that resulted in an agreed
modification.Â  Thereafter, on October 24,
1994, the State filed a second motion to revoke each of appellantÂs
probations.Â  The State alleged that
appellant 1) had failed to report for specified months, 2) failed to make his
monthly payments, and 3) failed to report to the Hockley County Probation
Department as required by the terms of his probation.Â  A capias was issued
in each case on October 24, 1994.Â 
However, the capias was not served on
appellant until August 8, 2008.Â  

Â Â Â Â Â Â Â Â Â Â Â  A hearing on the StateÂs
application to revoke, in each case, was held on November 26, 2008.Â  Appellant entered a plea of not true to the
allegations contained in the StateÂs motions to revoke.Â  The State presented evidence about the
failure of appellant to report, failure to pay the
fees, and the failure to report to the Hockley County Probation Department during
the period appellant lived in Hockley County.Â 
The State also presented evidence about the steps they had taken to
attempt to serve the arrest warrants on appellant following the filing of the
motions to revoke.Â  After the State
rested its case, appellant presented evidence that he had not fled the
jurisdiction of the court and, in fact, had resided for a number of years at
the address reflected in one of his probation reports.Â  During arguments about how the court should
rule on the motions to revoke, appellantÂs counsel argued that the State had
not exercised due diligence in attempting to apprehend appellant.Â  However, the trial court ruled that the State
had exercised due diligence in attempting to apprehend appellant and found the
allegations contained in the StateÂs motions to revoke true.Â  The trial court revoked appellantÂs
probations in each case and sentenced appellant to serve two years confinement
in the ID-TDCJ.Â  

Â Â Â Â Â Â Â Â Â Â Â  Appellant appeals the
trial courtÂs decision to revoke alleging that the State is constitutionally
barred from impairing the contractual obligation existing between appellant and
the State and that the State had to use due diligence in apprehending appellant
following the issuance of a capias.Â  We disagree with appellantÂs contention and,
therefore, affirm the judgment of revocation.

Constitutional
Challenge 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Appellant contends that, at the time he entered his plea, the
State, having filed the motions to revoke, was bound to prove they used due
diligence in serving him with the arrest warrants.Â  Consequently, appellant contends that this
obligation became part of his contract with the State in connection with the
entry of his plea that led to him being placed on community supervision probation.Â  By legislation, the due diligence requirement[2]
that existed at the time of the entry of appellantÂs plea has been replaced
with an affirmative defense,[3]
which necessarily alters the contractual obligation existing between appellant
and the State.Â  As such, it appears to
the Court that appellant is complaining about the constitutionality of the
statute as it was applied to him, rather than that the statute is
unconstitutional on its face.

Â Â Â Â Â Â Â Â Â Â Â  Construing appellantÂs
contention to be that he is presenting a case of constitutional infirmity based
on how the statute is being applied to him, we will apply the following
standard of review.Â  A claim challenging
the constitutionality of a statuteÂs application cannot be raised for the first
time on appeal.Â  See Curry v.
State, 910 S.W.2d 490, 496 (Tex.Crim.App.
1995).Â  Therefore, we must examine the
record to determine if appellant has properly preserved this issue for
appeal.Â  See Tex. R. App. P. 33.1.Â  Our review of the record reveals that the
only objection made by appellant at the time of his hearing on the StateÂs
motions to revoke was that the State had failed to demonstrate the exercise of
due diligence in serving the warrants for appellantÂs arrest.Â  This objection or statement in no way
apprises the trial court that appellant is contending that the statute is being
applied to him in an unconstitutional manner.Â 
To preserve this issue for appeal, all counsel had to do is Âlet the
trial judge know what he wants, why he thinks he is entitled to it, and to do
so clearly enough for the judge to understand him at a time when the judge is
in the proper position to do something about it.ÂÂ  Pena v. State, 285
S.W.3d 459, 464 (Tex.Crim.App. 2009).Â  As appellant did not object, there is nothing
preserved for appeal and there is nothing presented for our review.Â  See Starks v. State, 252 S.W.3d 704, 707 (Tex.App.--Amarillo
2008, no pet.).Â  Accordingly, appellantÂs
sole issue is overruled.

Conclusion

Â 

Â Â Â Â Â Â Â Â Â Â Â  Having overruled
appellantÂs only issue, the judgments of the trial court are affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Â 

Â Do not publish.Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  

Â 











[1] See Tex.
Penal Code Ann. Â§ 22.02(2)
(Vernon Supp. 2009).





[2] See Peacock v. State,Â  77 S.W.3d 285, 287-88 (Tex.Crim.App. 2002).

Â 





[3] See Tex.
Crim. Proc. Code Ann. art.
42.12, Â§ 24 (Vernon Supp. 2008).