NOS. 07-08-0497-CR, 07-08-0498-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 9, 2010

_____

PEDRO CERVANTEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NOS. CR-88J-120, CR-88J-121; HONORABLE H. BRYAN POFF, JR.
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On March 7, 1989, appellant, Pedro Cervantez, pleaded no contest to two counts of aggravated assault with a deadly weapon.[1]  As a result of a plea bargain, appellant was placed on community supervision probation for a period of 10 years on each case. Subsequently, in 1993, appellant's probation was modified.  Thereafter, on October 24, 1994, the State filed an application to revoke appellant's probation.  However, appellant was not arrested on the capias issued in each case until August 8, 2008.  On November

---

[1] See TEX. PENAL CODE ANN. § 22.02(2) (Vernon Supp. 2009).

26, 2008, the trial court found that the allegations contained in each of the respective applications to revoke probation were true. Appellant's probation was revoked and he was sentenced to two years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant appeals the judgment of the trial court contending that the trial court's action in revoking his probation was unconstitutional. Disagreeing with appellant, we affirm.

## Factual and Procedural Background

After appellant was placed on community supervision probation in 1989, his probation was modified in 1993. The modification was a result of a motion to revoke appellant's probation that resulted in an agreed modification. Thereafter, on October 24, 1994, the State filed a second motion to revoke each of appellant's probations. The State alleged that appellant 1) had failed to report for specified months, 2) failed to make his monthly payments, and 3) failed to report to the Hockley County Probation Department as required by the terms of his probation. A capias was issued in each case on October 24, 1994. However, the capias was not served on appellant until August 8, 2008.

A hearing on the State's application to revoke, in each case, was held on November 26, 2008. Appellant entered a plea of not true to the allegations contained in the State's motions to revoke. The State presented evidence about the failure of appellant to report, failure to pay the fees, and the failure to report to the Hockley County Probation Department during the period appellant lived in Hockley County. The State also presented evidence about the steps they had taken to attempt to serve the

2

arrest warrants on appellant following the filing of the motions to revoke. After the State rested its case, appellant presented evidence that he had not fled the jurisdiction of the court and, in fact, had resided for a number of years at the address reflected in one of his probation reports. During arguments about how the court should rule on the motions to revoke, appellant's counsel argued that the State had not exercised due diligence in attempting to apprehend appellant. However, the trial court ruled that the State had exercised due diligence in attempting to apprehend appellant and found the allegations contained in the State's motions to revoke true. The trial court revoked appellant's probations in each case and sentenced appellant to serve two years confinement in the ID-TDCJ.

Appellant appeals the trial court's decision to revoke alleging that the State is constitutionally barred from impairing the contractual obligation existing between appellant and the State and that the State had to use due diligence in apprehending appellant following the issuance of a capias. We disagree with appellant's contention and, therefore, affirm the judgment of revocation.

Constitutional Challenge

Appellant contends that, at the time he entered his plea, the State, having filed the motions to revoke, was bound to prove they used due diligence in serving him with the arrest warrants. Consequently, appellant contends that this obligation became part of his contract with the State in connection with the entry of his plea that led to him being placed on community supervision probation. By legislation, the due diligence

3

requirement[2] that existed at the time of the entry of appellant's plea has been replaced with an affirmative defense,[3] which necessarily alters the contractual obligation existing between appellant and the State. As such, it appears to the Court that appellant is complaining about the constitutionality of the statute as it was applied to him, rather than that the statute is unconstitutional on its face.

Construing appellant's contention to be that he is presenting a case of constitutional infirmity based on how the statute is being applied to him, we will apply the following standard of review. A claim challenging the constitutionality of a statute's application cannot be raised for the first time on appeal. See Curry v. State, 910 S.W.2d 490, 496 (Tex.Crim.App. 1995). Therefore, we must examine the record to determine if appellant has properly preserved this issue for appeal. See TEX. R. APP. P. 33.1. Our review of the record reveals that the only objection made by appellant at the time of his hearing on the State's motions to revoke was that the State had failed to demonstrate the exercise of due diligence in serving the warrants for appellant's arrest. This objection or statement in no way apprises the trial court that appellant is contending that the statute is being applied to him in an unconstitutional manner. To preserve this issue for appeal, all counsel had to do is "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." Pena v. State, 285 S.W.3d 459, 464 (Tex.Crim.App. 2009). As appellant did not object, there is nothing preserved for appeal and there is nothing presented for our

---

[2] See Peacock v. State, 77 S.W.3d 285, 287-88 (Tex.Crim.App. 2002).

[3] See TEX. CRIM. PROC. CODE ANN. art. 42.12, § 24 (Vernon Supp. 2008).

4

review.  See Starks v. State, 252 S.W.3d 704, 707 (Tex.App.--Amarillo 2008, no pet.).

Accordingly, appellant's sole issue is overruled.

Conclusion

Having overruled appellant's only issue, the judgments of the trial court are affirmed.

Mackey K. Hancock
Justice

Do not publish.