02-11-117-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00117-CR

 

 


 
 
 Joshua Austin Hankins a/k/a Joshua Hankins
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          In
a single issue, Appellant Joshua Austin Hankins appeals the judgment
adjudicating his guilt, claiming that he was not served with written notice of
the State’s petition to revoke his community supervision, thus violating his
right of “due process and due course of law.”  We affirm.

II. 
Factual and Procedural Background

          Hankins
pleaded guilty to fraudulent possession of a controlled substance or
prescription (codeine) in exchange for three years’ deferred adjudication
community supervision, a $300 fine, and court costs.  The trial court entered the
deferred adjudication order in February 2010.

          On
September 9, 2010, the State filed a petition to proceed to adjudication.  The warrant
for Hankins’s arrest for violating his community supervision was issued on the
same day and included a command “to serve the said defendant with the attached
copy of the petition.”  It was executed on September 14, 2010, by “placing in
jail Sheriff Dee Anderson,” and signed by Deputy N.C. Rodd.  There is no copy
of the petition attached to the warrant in the clerk’s record.  On September
15, 2010, Hankins’s new bond conditions were set, and his new bond was executed. 
The waiver of appointed counsel signed by Hankins was filed on September 17,
2010.

          The
trial court held four hearings after Hankins’s warrant was executed.  At the first
hearing, on November 29, 2010, the trial court considered and granted Hankins’s
request for a continuance to locate his two witnesses.  Hankins and the State
agreed that the State would proceed with its evidence and Hankins would put on
his case after locating his witnesses.[2]  Hankins was present at
the hearing and acknowledged that he understood the proceedings.  The trial court
read to Hankins the two allegations in the State’s petition to proceed to adjudication—that
he had possessed methamphetamine and had obtained or attempted to obtain a
dangerous drug by fraud—and Hankins pleaded not true to both allegations.

          On
December 3, 2010, Hankins filed another motion for continuance, requesting a
hearing date change so that his witness, Dr. Anil Bangale, could be present and
testify for the defense.  On December 6, 2010, before the trial court continued
hearing evidence, Hankins’s counsel informed the trial court that Dr. Bangale
would be available two days later, and the trial court agreed that Hankins
could resume his case with Dr. Bangale on December 8.  At the December 8
hearing, the trial court gave Hankins permission to bring in one more witness,
Dr. Norris Duane Purcell—Hankins’s psychiatrist—on December 10.

          Hankins
never raised lack of notice or service of citation in his motions or at the
hearings.  The trial court found the State’s allegations to be true, entered a
final judgment adjudicating Hankins guilty, and sentenced him to ten years’
confinement.  This appeal followed.

III.  Notice

          Hankins
complains on appeal that because he was never served with the petition to proceed
to adjudication, he was deprived of due process and due course of law.[3]

          The
minimum requirements of due process that must be observed in community
supervision revocation hearings include written notice of the claimed
violations of probation.  See Ruedas v. State, 586 S.W.2d 520, 523 (Tex.
Crim. App. [Panel Op.] 1979) (citing Gagnon v. Scarpelli, 411 U.S. 778,
786, 93 S. Ct. 1756, 1761–62 (1973)).  However, our rules of appellate
procedure require, as a prerequisite to presenting a complaint for appellate
review, that the record show that the complaint is preserved, i.e., that the
complaining party made a timely request, objection, or motion in the trial
court that stated the grounds for the ruling sought with sufficient specificity
to make the trial court aware of the complaint, and that the trial court ruled
on the request, objection, or motion, either expressly or implicitly, or
refused to rule and the complaining party objected to the refusal.[4] 
See Tex. R. App. P. 33.1(a); Mosley v. State, 983 S.W.2d 249, 265
(Tex. Crim. App. 1998) (op on reh’g), cert. denied, 526 U.S. 1070 (1999). 
A reviewing court should not address the merits of an issue that has not been
preserved for appeal.  Wilson v. State, 311 S.W.3d 452, 473 (Tex. Crim.
App. 2010) (op. on reh’g).

          The
requirement of preservation of error generally applies to constitutional
errors.  Fuller v. State, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008)
(stating that “almost all error—even constitutional error—may be forfeited if
the appellant failed to object”), cert. denied, 129 S. Ct. 904 (2009);
Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004) (stating that
most complaints, “whether constitutional, statutory, or otherwise, are
forfeited by failure to comply with Rule 33.1(a)”); see also Rogers
v. State, 640 S.W.2d 248, 263–64 (Tex. Crim. App. [Panel Op.] 1982) (second
op. on reh’g) (noting that failure to make a due process objection at the time
of the error waives any error).

          The
record reflects that Hankins did not raise his due process and due course of
law objection in any motions or at any of the four hearings in his case.[5] 
Therefore, because Hankins failed to preserve this complaint for our review, we
overrule his sole issue.[6]  See Tex. R. App.
P. 33.1; Mendez, 138 S.W.3d at 341; Rogers, 640 S.W.2d at 263–64;
League v. State, Nos. 05-09-00042-CR, 05-09-00043-CR, 2010 WL 670230, at
*1 (Tex. App.—Dallas Feb. 26, 2010, no pet.) (not designated for publication)
(affirming trial court’s judgment in each case when appellant failed to
preserve his complaint that he was deprived of due process because he had not
received the motion to adjudicate and to revoke prior to the hearing on the
motions).

IV.
  Conclusion

          Having
overruled Hankins’s sole issue, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
MCCOY,
GARDNER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App.
P. 47.2(b)

 

DELIVERED:  December 15,
2011









[1]See Tex. R. App. P. 47.4.





[2]Hankins’s counsel
affirmatively agreed to this, stating, “[W]e’re ready to proceed.”





[3]Hankins states that the
due course of law provisions mirror the federal due process requirements for motions
to revoke community supervision.  Therefore, we will address them together.  See,
e.g., Jimenez v. State, 32 S.W.3d 233, 242 & n.10 (Tex. Crim. App.
2000) (McCormick, P.J., concurring) (stating that federal due process and state
due course of law mean the same thing); see also Vasquez v. State, 230
S.W.3d 744, 751 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (stating, in a
destruction-of-evidence case, that the federal due process and state due course
of law provisions provide the same protection).





[4]The common sense reason
for this rule is to afford the trial court the opportunity to correct the
mistake at that level before it reaches an appellate court for review.  See
Starks v. State, 252 S.W.3d 704, 706 (Tex. App.—Amarillo 2008, no pet.) (“A
primary purpose for requiring a specific and contemporaneous objection is to
advise the trial court of impending error and afford the court an opportunity
to avoid the error or take corrective action to cure the error.”).  The rule
also prevents a party from “laying behind the log” and bringing up a complaint
later only if an unfavorable result occurs.  See Porath v. State, 148
S.W.3d 402, 414 (Tex. App.—Houston [14th Dist.] 2004, no pet.).





[5]Citing no authority,
Hankins argues that the alleged failure to serve him with the State’s petition
to proceed to adjudication constitutes a structural, or systemic, requirement
that is not subject to a harm analysis.  But systemic requirements include
personal and subject matter jurisdiction, a penal statute’s being in compliance
with the separation of powers section of the state constitution, a
constitutional requirement that a district court conduct its proceedings at the
county seat, the constitutional prohibition against ex post facto laws, and
certain constitutional restraints on a judge’s comments.  Saldano v. State,
70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002).  We have found no case holding
that notice of a State’s motion to proceed to adjudication is a systemic right.





[6]Further, we find it
implausible and unconvincing that Hankins was unaware of the State’s
allegations.  On November 29, 2010, well before Hankins presented his case
after receiving a continuance and locating his witnesses, the trial court
informed him of the allegations against him as set forth in the State’s
petition to proceed to adjudication.  Hence, by the time Hankins presented his
case, he was well aware of the allegations against him if, in fact, he was not
previously aware.