

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00117-CR

JOSHUA AUSTIN HANKINS A/K/A           APPELLANT
JOSHUA HANKINS

V.

THE STATE OF TEXAS                     STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

In a single issue, Appellant Joshua Austin Hankins appeals the judgment adjudicating his guilt, claiming that he was not served with written notice of the State's petition to revoke his community supervision, thus violating his right of "due process and due course of law."  We affirm.

----

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

Hankins pleaded guilty to fraudulent possession of a controlled substance or prescription (codeine) in exchange for three years' deferred adjudication community supervision, a $300 fine, and court costs. The trial court entered the deferred adjudication order in February 2010.

On September 9, 2010, the State filed a petition to proceed to adjudication. The warrant for Hankins's arrest for violating his community supervision was issued on the same day and included a command "to serve the said defendant with the attached copy of the petition." It was executed on September 14, 2010, by "placing in jail Sheriff Dee Anderson," and signed by Deputy N.C. Rodd. There is no copy of the petition attached to the warrant in the clerk's record. On September 15, 2010, Hankins's new bond conditions were set, and his new bond was executed. The waiver of appointed counsel signed by Hankins was filed on September 17, 2010.

The trial court held four hearings after Hankins's warrant was executed. At the first hearing, on November 29, 2010, the trial court considered and granted Hankins's request for a continuance to locate his two witnesses. Hankins and the State agreed that the State would proceed with its evidence and Hankins would put on his case after locating his witnesses.[2] Hankins was present at the

---

[2]Hankins's counsel affirmatively agreed to this, stating, "[W]e're ready to proceed."

hearing and acknowledged that he understood the proceedings. The trial court read to Hankins the two allegations in the State's petition to proceed to adjudication—that he had possessed methamphetamine and had obtained or attempted to obtain a dangerous drug by fraud—and Hankins pleaded not true to both allegations.

On December 3, 2010, Hankins filed another motion for continuance, requesting a hearing date change so that his witness, Dr. Anil Bangale, could be present and testify for the defense. On December 6, 2010, before the trial court continued hearing evidence, Hankins's counsel informed the trial court that Dr. Bangale would be available two days later, and the trial court agreed that Hankins could resume his case with Dr. Bangale on December 8. At the December 8 hearing, the trial court gave Hankins permission to bring in one more witness, Dr. Norris Duane Purcell—Hankins's psychiatrist—on December 10.

Hankins never raised lack of notice or service of citation in his motions or at the hearings. The trial court found the State's allegations to be true, entered a final judgment adjudicating Hankins guilty, and sentenced him to ten years' confinement. This appeal followed.

## III. Notice

Hankins complains on appeal that because he was never served with the petition to proceed to adjudication, he was deprived of due process and due course of law.[3]

The minimum requirements of due process that must be observed in community supervision revocation hearings include written notice of the claimed violations of probation. *See Ruedas v. State*, 586 S.W.2d 520, 523 (Tex. Crim. App. [Panel Op.] 1979) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761–62 (1973)). However, our rules of appellate procedure require, as a prerequisite to presenting a complaint for appellate review, that the record show that the complaint is preserved, i.e., that the complaining party made a timely request, objection, or motion in the trial court that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, and that the trial court ruled on the request, objection, or motion, either expressly or implicitly, or refused to rule and the complaining party

---

[3]Hankins states that the due course of law provisions mirror the federal due process requirements for motions to revoke community supervision. Therefore, we will address them together. *See, e.g., Jimenez v. State*, 32 S.W.3d 233, 242 & n.10 (Tex. Crim. App. 2000) (McCormick, P.J., concurring) (stating that federal due process and state due course of law mean the same thing); *see also Vasquez v. State*, 230 S.W.3d 744, 751 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (stating, in a destruction-of-evidence case, that the federal due process and state due course of law provisions provide the same protection).

objected to the refusal.[4]  *See* Tex. R. App. P. 33.1(a); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op on reh'g), *cert. denied*, 526 U.S. 1070 (1999).  A reviewing court should not address the merits of an issue that has not been preserved for appeal.  *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

The requirement of preservation of error generally applies to constitutional errors.  *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (stating that "almost all error—even constitutional error—may be forfeited if the appellant failed to object"), *cert. denied*, 129 S. Ct. 904 (2009); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004) (stating that most complaints, "whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)"); *see also Rogers v. State*, 640 S.W.2d 248, 263–64 (Tex. Crim. App. [Panel Op.] 1982) (second op. on reh'g) (noting that failure to make a due process objection at the time of the error waives any error).

---

[4]The common sense reason for this rule is to afford the trial court the opportunity to correct the mistake at that level before it reaches an appellate court for review.  *See Starks v. State*, 252 S.W.3d 704, 706 (Tex. App.—Amarillo 2008, no pet.) ("A primary purpose for requiring a specific and contemporaneous objection is to advise the trial court of impending error and afford the court an opportunity to avoid the error or take corrective action to cure the error.").  The rule also prevents a party from "laying behind the log" and bringing up a complaint later only if an unfavorable result occurs.  *See Porath v. State*, 148 S.W.3d 402, 414 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

The record reflects that Hankins did not raise his due process and due course of law objection in any motions or at any of the four hearings in his case.[5] Therefore, because Hankins failed to preserve this complaint for our review, we overrule his sole issue.[6]  *See* Tex. R. App. P. 33.1; *Mendez*, 138 S.W.3d at 341; *Rogers*, 640 S.W.2d at 263–64; *League v. State*, Nos. 05-09-00042-CR, 05-09-00043-CR, 2010 WL 670230, at *1 (Tex. App.—Dallas Feb. 26, 2010, no pet.) (not designated for publication) (affirming trial court's judgment in each case when appellant failed to preserve his complaint that he was deprived of due process because he had not received the motion to adjudicate and to revoke prior to the hearing on the motions).

---

[5]Citing no authority, Hankins argues that the alleged failure to serve him with the State's petition to proceed to adjudication constitutes a structural, or systemic, requirement that is not subject to a harm analysis.  But systemic requirements include personal and subject matter jurisdiction, a penal statute's being in compliance with the separation of powers section of the state constitution, a constitutional requirement that a district court conduct its proceedings at the county seat, the constitutional prohibition against ex post facto laws, and certain constitutional restraints on a judge's comments. *Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002).  We have found no case holding that notice of a State's motion to proceed to adjudication is a systemic right.

[6]Further, we find it implausible and unconvincing that Hankins was unaware of the State's allegations.  On November 29, 2010, well before Hankins presented his case after receiving a continuance and locating his witnesses, the trial court informed him of the allegations against him as set forth in the State's petition to proceed to adjudication.  Hence, by the time Hankins presented his case, he was well aware of the allegations against him if, in fact, he was not previously aware.

## IV.  Conclusion

Having overruled Hankins's sole issue, we affirm the trial court's judgment.


PER CURIAM

PANEL:  MCCOY, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 15, 2011