**Bryan James LANDRY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–95–259 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Dec. 4, 1997.

Decided Jan. 7, 1998.

James R. Makin, Beaumont, for appellant.

John D. Kimbrough, Orange County Atty., Troy Johnson, Asst. County Atty., Orange, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

A jury convicted Brian James Landry on two counts of sexual assault of a child and one count of indecency with a child. On each count the jury assessed as punishment confinement in the Texas Department of Criminal Justice, Institutional Division, for a term of ten years. Pursuant to the jury's recommendation, the trial court placed Landry on community supervision for ten years. Landry raises two points of error.

■ Point of error one contends: "The trial court erred in proceeding with fewer than twelve jurors in a felony case in violation of the Code of Criminal Procedure and the Texas Constitution." After the jury was seated and sworn, the trial court dismissed a juror who was not a resident of Orange County. Given the choice between mistrial and continuing with a jury of eleven, Landry, both personally and through counsel, expressly waived his right to be tried by a jury of twelve and opted to continue the trial with eleven jurors. On appeal, he cites *Ex parte Hernandez*, 906 S.W.2d 931 (Tex.Crim.App. 1995), and *Hatch v. State*, 923 S.W.2d 98 (Tex.App.—Dallas 1996), in support of his claim that a felony trial cannot proceed with less than twelve jurors. The Court of Criminal Appeals recently reversed *Hatch*, overruling *Hernandez* in the process. *Hatch v. State*, 958 S.W.2d 813 (Tex.Crim.App.1997). A defendant may waive his right to be tried by a jury of twelve persons. *Id.* at 816. Furthermore, it appears the waiver need not be in writing. *Id.* (Baird dissenting, at 818). Point of error one is overruled.

■ Point of error two maintains: "The trial court erred in excluding evidence of the complainant's prior sexual history." Dr. Sonia Castillo testified her physical examination of the victim revealed an "old tearing of the hymen." Her findings were inconclusive, neither confirming nor excluding the possibility of sexual abuse. The tearing could be caused by digital penetration but could have been caused by something else. Before defense counsel commenced his cross-examination of the victim, H.G., the trial court conducted an *in camera* hearing to determine whether evidence of H.G.'s prior sexual conduct should be admitted. TEX.R.CRIM. EVID. 412(c). The trial court sustained the State's "promiscuity" and "relevance" objections to the offered evidence.

■ Evidence of specific instances of the victim's prior sexual conduct is admissi-

ble if it is necessary to rebut or explain scientific or medical evidence offered by the State, provided its probative value outweighs the danger of unfair prejudice. TEX.R.CRIM. EVID. 412(b)(2)(A),(C). We have examined the sealed record of the *in camera* hearing, and conclude none of the evidence elicited in the hearing constitutes evidence of specific instances of prior sexual conduct. H.G. denied ever having any sexual contact with her boyfriend, and denied ever masturbating. The defense offered no evidence to rebut her testimony. In each of the cases relied upon by Landry, evidence produced in the *in camera* hearing consisted of proof of prior sexual conduct. *May v. State,* 919 S.W.2d 422, 423 (Tex.Crim.App.1996)(excluded testimony that since age 12 child had been sexually active with seven men); *Pawson v. State,* 865 S.W.2d 36, 38 n. 3 (Tex.Crim.App.1993)(victim testified to having sex with several boys); *Reynolds v. State,* 890 S.W.2d 156 (Tex. App.—Texarkana 1994, no pet.). Testimony which is nothing more than a denial of prior sexual conduct does nothing to explain or rebut medical evidence of an old tear in the hymen. Appellant did not demonstrate the relevance of the excluded testimony, nor does it appear the probative value of the evidence outweighed the prejudicial effect of asking humiliating questions just to force the victim to deny them. We find no error because the offered evidence does not meet the criteria of Rule 412. Furthermore, exclusion of the particular evidence offered by the defense, being no more than a denial of acts of sexual conduct, did not affect the substantial rights of the defendant, and was, therefore, harmless. TEX.R.APP. P. 44.2(b). Point of error two is overruled.

We affirm the judgment and sentence of the trial court.

AFFIRMED.