In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00088-CR
______________________________


STEVE KEITH, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 03F0040-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            On appeal from his convictions for aggravated sexual assault of a child, indecency with a
child by contact, and indecency with a child by exposure,


 Steve Keith contends the trial court erred
by not allowing him to question the outcry witness—the victim's mother—concerning a later report
by the victim to her mother indicating the victim was sexually abused by another person at a different
time. During the guilt/innocence phase of trial, defense counsel asked the mother if the victim had
told her the mother's former boyfriend had sexually assaulted the victim. The State objected, arguing
the testimony was not relevant because it was a subsequent offense involving a different individual. 
Defense counsel argued it was relevant because it showed that the victim had made multiple
allegations of sexual abuse and that the mother did not report the second allegation. The court
removed the jury from the courtroom and sustained the objection. Counsel then made a record by
briefly questioning the mother about the incident.
            She testified the victim had told her that the mother's boyfriend at the time had engaged in
oral sex with the victim, had kissed her, and had made her touch his penis through his pants. She
testified she had not reported the incident because it was taking "so long to get this one into court,
three years. I was going to take care of it myself" by having the ex-boyfriend beaten by someone. 
That incident occurred two years after the offenses at bar.
            Relevance is defined as evidence "having any tendency to make the existence of any fact that
is of consequence to the determination of the action more probable or less probable than it would
be without the evidence." Tex. R. Evid. 401. Questions of relevance are left largely to the trial
court, and we will not reverse absent an abuse of discretion. Moreno v. State, 858 S.W.2d 453, 463
(Tex. Crim. App. 1993). In reviewing a trial court's relevancy decision, we do not intercede if the
trial court's ruling was at least within the zone of reasonable disagreement. Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).
            Keith argues the evidence was relevant because it had some tendency to show that the
victim's testimony was influenced by her mother and because it revealed the mother's decision to
selectively bring charges against her ex-husband, who was chronically late on child support. The
latter argument is substantially undermined by the mother's own testimony, that he had been current
on child support until she made the allegations against him and the prosecution commenced.
            The testimony at bar, concerning other allegations of abuse, differs markedly from the
testimony found relevant in other cases. See Landry v. State, 958 S.W.2d 942 (Tex.
App.—Beaumont 1998, pet. ref'd) (specific instances of victim's prior sexual conduct admissible if
necessary to rebut or explain scientific or medical evidence offered by State); Reynolds v. State, 890
S.W.2d 156 (Tex. App.—Texarkana 1994, no pet.) (victim's prior sexual experiences directly
addressed sole scientific evidence presented by State).
            In the present case, the relevance of an allegation of sexual assault made over two years after
the one at bar, without more, is extremely minimal. Under these circumstances, we conclude the trial
court did not err in excluding the evidence.
            Keith also contends the trial court denied him his constitutional right to confrontation by
denying him his desired cross-examination of the witness. Although he has raised constitutional
issues in his appellate brief, no such argument was urged before the trial court. For a contention to
be raised on appeal, it must have been raised at trial by objection. Error is not preserved for review
if it varies from the objection. Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). 
Accordingly, we cannot address his constitutional claim on appeal.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          May 14, 2004
Date Decided:             May 18, 2004

Do Not Publish