# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00101-CR

**Jose Alfredo Rivera, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2008-331, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jose Alfredo Rivera of the offenses of aggravated sexual assault, injury to a child, and burglary of a habitation. *See* Tex. Penal Code Ann. §§ 22.021, .04 (West Supp. 2009), 30.02 (West 2003). The jury assessed punishment at life imprisonment for the sexual assault and burglary offenses and ten years' imprisonment for the offense of injury to a child, with all three sentences to run concurrently. The jury also imposed a $10,000 fine. In a single issue, Rivera contends that the trial court erred by excluding evidence of, and denying him the opportunity to cross-examine witnesses about, the victim's past sexual conduct. We affirm the judgment of conviction.

*Background*

The evidence at trial showed that while the victim was asleep in her bedroom, someone entered the room and physically attacked her. The victim was struck in the head with a

metal can, choked, beaten, and sexually assaulted. After the attack, the assailant warned the victim to keep silent, and left the house. The victim went to her aunt's house whereupon the aunt summoned the victim's mother and they called the police. The aunt informed the police that she had noticed a car belonging to Rivera parked at the victim's house. Acting on this tip, the police arrested Rivera, and he was subsequently indicted for aggravated sexual assault, burglary of a habitation, and injury to a child.

At trial, the jury heard testimony from various witnesses, including the victim, her mother, and the arresting and investigating officers. The sexual assault nurse examiner testified about the victim's injuries, including bruising on her face and neck. The nurse examiner testified that the victim had four notches or tears in her hymen indicative of acute trauma that had occurred within the previous 24-hour period. The jury also heard evidence of the results of a comparison of DNA found in semen recovered from a vaginal swab taken from the victim during the sexual assault examination to a known sample of Rivera's DNA. The jury found Rivera guilty of aggravated sexual assault, burglary of a habitation, and injury to a child. This appeal followed. In one issue, Rivera complains of the trial court's exclusion of evidence of the victim's prior sexual conduct. The trial court excluded the evidence because it found that it did not fall within any of the exceptions listed in Texas Rule of Evidence 412, the "rape shield law" governing admissibility of a complainant's prior sexual conduct in a sexual assault case. *See* Tex. R. Evid. 412.

### Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006);

2

*Stephens v. State*, 978 S.W.2d 728, 735 (Tex. App.—Austin 1998, pet. ref'd). The trial court abuses its discretion when its ruling falls outside the zone of reasonable disagreement or when the trial court acts arbitrarily and unreasonably without reference to any guiding rules or principles. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

***Discussion***

Rule 412 applies in prosecutions for sexual assault, aggravated sexual assault, and attempts to commit sexual assault or aggravated sexual assault. The rule prohibits the admission of evidence of specific instances of the victim's past sexual behavior unless it falls within one of five exceptions: (1) evidence necessary to rebut or explain scientific or medical evidence by the state; (2) evidence of past sexual behavior with the accused offered to show consent; (3) evidence that relates to motive or bias of the victim; (4) evidence admissible under rule 609 of the Texas Rules of Evidence; and (5) evidence that is constitutionally required to be admitted. *See* Tex. R. Evid. 412(b)(2). Even if the evidence falls within an exception, the trial court must determine whether its probative value outweighs the danger of unfair prejudice. *Stephens*, 978 S.W.2d at 732.

Throughout the trial, the court held four in camera hearings pursuant to rule 412(c). *See* Tex. R. Evid. 412(c) (setting forth procedure for offering evidence of victim's past sexual behavior). During the hearings, evidence was elicited from the victim, her mother, her crisis counselor, and the sexual assault nurse examiner who examined the victim at the hospital immediately after the assault. In summary, the testimony was that the victim had sexual contact with her boyfriend one time in July, approximately one month before the assault. After the assault, as part of the medical exam, the victim was given a pregnancy test, the results of which were negative.

Two months later, in October, the victim informed her mother that she believed she was pregnant. The victim and her mother both testified that they thought the pregnancy resulted from the sexual assault. Desiring to terminate the pregnancy, the victim and her mother made an appointment at a medical facility and sought to use Crime Victim's Compensation funds to pay for an abortion. However, tests conducted at the medical facility revealed that the fetus was conceived at least two weeks prior to the date of the assault and, consequently, Crime Victim's Compensation funds were not available. Both the victim and her mother were surprised to learn that the pregnancy predated the sexual assault because the results of the pregnancy test administered at the hospital after the assault were negative. At that time, the victim's mother first learned of the victim's previous sexual conduct. The victim and her mother decided to go forward with the abortion, which the victim's mother agreed to pay for.

Rivera's counsel argued during trial that evidence of the victim's previous sexual conduct and pregnancy, and the circumstances surrounding her termination of that pregnancy, were admissible because it was (1) necessary to rebut or explain scientific or medical evidence offered by the State; and (2) it related to the motive or bias of the victim.[1] *See* Tex. R. Evid. 412(b)(2)(A), (C).

### *Was the Evidence Necessary to Rebut or Explain Scientific or Medical Evidence?*

Rivera sought to bring forth testimony that the victim had engaged in sexual conduct with her boyfriend in July, arguing that such evidence was admissible because it was necessary to rebut the State's medical evidence. On the record before us, we are not persuaded that the trial court

---

[1] On appeal, Rivera also contends that the evidence was constitutionally required to be admitted. *See* Tex. R. Evid. 412(b)(2)(E).

4

abused its discretion in excluding the testimony. *See Boyle v. State*, 820 S.W.2d 122, 146-49 (Tex. Crim. App. 1989) (test is whether proffered evidence is material to fact at issue in trial and if so whether its probative value exceeds its prejudicial nature); *Woods v. State*, 301 S.W.3d 327, 334 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The sexual assault nurse examiner testified that the notches she observed on the victim's hymen showed no evidence of granulation, part of the healing process that begins approximately 24 hours after the initial injury. Based on her examination, the nurse testified that the injuries to the victim's hymen were the result of recent trauma, most likely occurring within the 24 hour period preceding the examination. Rivera's counsel sought to admit evidence that the victim had engaged in sexual conduct with her boyfriend in July, at least 11 days before the assault. Such evidence would not serve to explain, let alone rebut, the State's medical evidence regarding the notches, which were indicative of an injury inflicted no more than 24 hours before the exam. *See Landry v. State*, 958 S.W.2d 942, 944 (Tex. App.—Beaumont 1998, pet. ref'd) (evidence of child sex offense admissible if necessary to rebut or explain medical evidence if probative value outweighs danger of unfair prejudice).

Rivera also argues that he should have been permitted to elicit testimony that, despite the police officer's request, the medical facility did not preserve the fetal remains for further analysis. Rivera asserts that an analysis of the fetal remains "may have completely exonerated the Appellant or at least lead to other information and evidence that could have contradicted, discredited, or explained" medical and scientific evidence that was admitted at trial. Rivera does not explain how DNA testing of the fetus would have "exonerated" him. Test results that identified Rivera as a potential father would inculpate, rather than exonerate, him. Test results that excluded him as the father would not be probative of the issue of whether or not he sexually assaulted the victim. The

5

trial court did not abuse its discretion in concluding that the evidence was not admissible under rule 412(b)(2)(A).

### *Did the Evidence Relate to the Motive or Bias of the Victim?*

Rivera's counsel contends that testimony regarding the victim's pregnancy and the termination of the pregnancy was admissible to establish "motive and bias to blame the Appellant for the physical and sexual assault." The evidence shows that the victim was sexually assaulted. The record contains evidence of a violent attack that left the victim with multiple injuries, including a fractured nose. The evidence does not support the theory that the victim fabricated a story that she was sexually assaulted in order to conceal the fact that she had previously had sexual contact with her boyfriend. Nor does evidence of her prior sexual activities imply that she would falsely accuse Rivera of this sexual assault. Equally illogical is Rivera's assertion that evidence that the victim and her mother sought to obtain Crime Victim's Compensation funds to pay for an abortion shows the victim's motive for accusing Rivera of the assault. Had the pregnancy been caused by a sexual assault, the identity of the assailant would be immaterial. The victim would have no reason to falsely accuse Rivera of the assault in order to obtain the funds. And, the record evidence indicates that it was the victim's aunt and mother, not the victim herself, who provided the police with the information that caused them to identify Rivera as a suspect. Their original suspicion was confirmed by post-arrest DNA testing that supported the conclusion that Rivera was the assailant. Moreover, the victim's assumption that her pregnancy resulted from the sexual assault was a reasonable one since the pregnancy test given during the sexual assault examination was negative. Rivera failed to demonstrate a definite and logical link between the victim's past sexual conduct and the alleged

motive to fabricate a story inculpating Rivera. *See Stephens*, 978 S.W.2d at 735. The trial court did not abuse its discretion by concluding that the evidence was not admissible under rule 412(b)(2)(C).

***Was Admission of the Evidence Constitutionally Required?***

On appeal, Rivera asserts that the evidence related to the victim's sexual history should have been admitted under rule 412(b)(2)(E) and that by excluding the evidence, the trial court denied him his "constitutional right to a full and fair confrontation of his accuser." When a state procedural rule does not satisfactorily permit the defense to attack the credibility of a witness, the rule must give way to the constitutional right. *See Davis v. Alaska*, 415 U.S. 308, 319 (1974). Although evidence of an alleged victim's past sexual behavior in a prosecution for sexual assault is generally excluded under the Texas Rules of Evidence, such evidence must be admitted when constitutionally required. *See* Tex. R. Evid. 412(b)(2)(E). The Sixth Amendment to the United States Constitution guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." U.S. Const. amend. VI; *Davis*, 415 U.S. at 315. "Confrontation means more than being allowed to confront the witness physically." *Davis*, 41 U.S. at 315. Its fundamental purpose is to secure for the opponent the opportunity to cross-examine the accuser. *Id.* at 315-16.

Although appellant alludes briefly to this constitutional issue in his brief, he raised no such argument before the trial court. At the third in camera hearing, Rivera's counsel stated:

> The effort to get the State to pay for [the abortion] would qualify under 412(b) down to—well, 2(c), which goes to the admission of this type of evidence as—relating to the motive or bias of the alleged victim and only in the sense that it goes to credibility.

7

At the fourth and final in camera hearing, counsel asked the trial court "to allow us, under TRE 412(b)(2)(A) and (C) for the admission of the evidence." Rivera's trial objections did not raise his constitutional rights, nor did they apprise the trial court that the evidence should have been admitted under rule 412(b)(2)(E). Constitutional errors may be waived or forfeited by a failure to make a timely and specific assertion of the right. *Boulware v. State*, 542 S.W.2d 677, 682 (Tex. Crim. App. 1976). The trial objection must comport with the issue raised on appeal; otherwise nothing is preserved for review. *See* Tex. R. App. P. 33.1(a)(1); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). By failing to raise the objection, Rivera failed to preserve error on the issue of his constitutional right to confront the victim and the admissibility of the evidence under rule 412(b)(2)(E). *See Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (holding that when appellant objected to hearsay testimony but not under Confrontation Clause appellant waived constitutional argument on appeal); *Eaves v. State*, 141 S.W.3d 686, 691 (Tex. App.—Texarkana 2004, pet. ref'd).

Had Rivera preserved this error for review, the same result would obtain. As with all of rule 412's exceptions, evidence is only admissible if its probative value outweighs its prejudicial effect. Tex. R. Evid. 412(b)(3). In determining whether the potential prejudice of evidence outweighs its probative value we consider (1) how compellingly the evidence makes a consequential fact more or less probable; (2) the evidence's potential to impress the jury in an irrational way; (3) the time needed to develop the evidence; and (4) whether other evidence is available to prove the consequential fact at issue. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). As discussed above, in the present case the evidence sought to be admitted has little, if any, probative value with regard to the issue of whether Rivera is the person who sexually

8

assaulted the victim. While the Sixth Amendment protects an accused's right to cross-examine the witness, it does not prevent a trial judge from limiting cross-examination because of concerns about, among other things, "harassment, prejudice, confusion of the issue, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Hammer v. State*, 296 S.W.3d 555, 561 & n.7 (Tex. Crim. App. 2010). We conclude that it was not an abuse of discretion for the trial court to exclude the evidence, and we overrule Rivera's appellate issue.

## CONCLUSION

Having overruled Rivera's only appellate issue, we affirm the judgment of conviction.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   September 15, 2010

Do Not Publish