

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00074-CR

JAMES KYLE TURNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3578, Honorable Stuart Messer, Presiding

October 10, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

James Kyle Turner, appellant, appeals his conviction for aggravated sexual assault of a child. He was accused, via the indictment, of intentionally or knowingly causing the penetration of the child's sexual organ with his finger. Included in the evidence tendered at trial was his own statement wherein he 1) admitted to closing the door to the bedroom, 2) disclosed that within the bedroom were appellant and the child, 3) acknowledged telling the child that he was "going to touch her" and directing her "not to say anything to her parents," and 4) described "pull[ing] down her panties," and

'touch[ing] her" while "she raised her leg."  The sole issue before us concerns the trial court's decision to preclude defense counsel from asking a witness the following:  "Ms. Lambert, on April 20, 2011, did you witness [the child] play with her sexual organs." The witness would have answered "yes."  The trial court based its decision to exclude the question and answer on Rule 412 of the Texas Rules of Evidence.  Appellant believes the decision was incorrect.  We affirm.

The pertinent standard of review is one of abused discretion.  *Irby v. State*, 327 S.W.3d 138, 154 (Tex. Crim. App. 2010); *Chitwood v. State,* 350 S.W. 3d 746, 748 (Tex. App.—Amarillo 2011, no pet.).  That is, the decision must fall outside the zone of reasonable disagreement, given the law and surrounding circumstances, before we can deem it erroneous.  *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007); *Chitwood*, 350 S.W.3d at 748.

Next, Texas Rule of Evidence 412(b) provides that:

. . .  [i]n a prosecution for sexual assault or aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is. . .not admissible, unless:

(1) such evidence is admitted in accordance with paragraphs (c) and (d) of this rule;

(2) it is evidence:

(A) that is necessary to rebut or explain scientific or medical evidence offered by the State;

(B) of past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior which is the basis of the offense charged;

(C) that relates to the motive or bias of the alleged victim;

(D) is admissible under Rule 609; or

2

(E) that is constitutionally required to be admitted; and

(3) its probative value outweighs the danger of unfair prejudice.

According to appellant the question and answer fell within the scope of 412(b)(2)(A) and (3). It allegedly evinced another way that the child could have incurred the "abrasion" or "open scratch" found inside her sexual organ and had probative value outweighing the danger of unfair prejudice. We overrule the issue.

The issue being debated involved penetration. Again, appellant admitted to touching the child. He did not admit to penetrating her sexual organ, though. Furthermore, the location of the scratch found atop the child's clitoral hood and upon her labia convinced the nurse who examined the three-year-old child victim that penetration occurred. The nurse also testified that the abrasion could have been caused by "masturbation." That led appellant to attempt to admit evidence of the child touching or "playing with" herself several days before appellant "touched" her. Yet, the nurse did not discuss what she meant by masturbation or the type of masturbation that must occur to cause an abrasion or scratch of the kind found on the child. Nor did she testify about whether gently touching the area in question would be enough or whether vigorous or aggressive contact or contact with a rough or sharp object was necessary. Nor has anyone cited us to evidence addressing that matter.

Given the aforementioned dearth of information, appellant nevertheless sought to attack the inference that he caused the scratch (and thus, penetrated the child) by offering evidence of the child's purported act of touching or "playing with" herself. And, there again, the question appellant's counsel propounded includes nothing about the

3

circumstances or manner of masturbation purportedly occurring two days before the assault. Nor did the answer provided by the witness include that information.[1]

In effect, the trial court had before it incomplete information. While it may be that any type of masturbation in which a child engages does result in physical injury, the trial court was not obligated to so conclude without factual basis. Lacking that factual basis, it could have reasonably deemed the information at issue irrelevant. That is, the testimony appellant sought to introduce (without more) was not enough to make it probable that a three year old child masturbating herself in some vague way two days before the assault caused the presence of physical trauma two days later. *See* TEX. R. EVID. 401 (defining relevance as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence);[2] *Landry v. State*, 958 S.W.2d 942, 943-44 (Tex. App.—Beaumont 1998, pet. ref'd) (holding that evidence indicating the youth's hymen had a tear without more to explain the cause of the tear was not enough to make relevant the evidence of the youth's engagement in prior sexual activity).

It can also be said that the incomplete information was of minimal probative value, even if relevant. Without developing the additional information about which we spoke above, the causal nexus between what the child may have done to herself on April 20th and the scratch discovered on April 22nd (the day of the assault) remained too speculative. So, its questionable evidentiary value was and is not enough to

---

[1] Lambert did testify, via an in camera hearing, that she saw the child insert her finger into her vaginal area at times but did not testify that the child did so two days before the assault. Nor did she describe the size of the child's fingers, the manner in which the fingers were placed within the sexual organ, or the like.

[2] Given that the standard of review is one of abused discretion, the trial court's decision could be supported on any valid legal theory. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009). Its accuracy was not solely dependent upon the legal theory espoused by the parties and court.

outweigh the potential stigma or humiliation accompanying the public disclosure of private and highly personal matters. *See Landry*, *supra* (holding that the probative value of evidence indicating the youth's hymen had a tear without more to explain the cause of the tear did not outweigh the prejudicial effect of asking the youth humiliating questions about her prior sexual activity). At least such a conclusion would fall within the zone of reasonable disagreement.

Accordingly, we affirm the judgment of the trial court.

Per Curiam

Do not publish.